1   STUART SEABORN (CA BAR NO. 198590)
    MONICA PORTER (CA BAR NO. 311974)
2   Disability Rights Advocates
    2001 Center Street, 4th Floor
3   Berkeley, California 94704-1204
    Tel:    (510) 665-8644
4   Fax:    (510) 665-8511
    sseaborn@dralegal.org
5   mporter@dralegal.org

6   MAIA GOODELL (Admitted *Pro Hac Vice*)
    Disability Rights Advocates
7   655 Third Avenue, 14th Floor
    New York, New York 10017
8   Telephone:    (212) 644-8644
    mgoodell@dralegal.org

9
    *Attorneys for Plaintiffs*
10

11
                    **UNITED STATES DISTRICT COURT**
12
                    **NORTHERN DISTRICT OF CALIFORNIA**
13

14

15

16  Mental Health & Wellness Coalition, Erik X.,      **Case No. 5:18-cv-02895-NC**
    Tina Y., Jacob Z., Harrison Fowler, Rose A.,
    Sofia B.,                                          **DECLARATION OF STUART SEABORN**
17                                                      **IN SUPPORT OF PLAINTIFFS' MOTION**
                                                        **FOR CLASS CERTIFICATION**
18                      Plaintiffs,

    v.                                                 Date:    August 29, 2018
19                                                      Time:    1:00 p.m.
    The Board of Trustees of the Leland Stanford       Place:   Courtroom 5, 280 South First Street,
20  Junior University D/B/A Stanford University,        San Jose, California 95113
                                                        Judge:   Hon. Nathanael Cousins
21                      Defendant.

22

23

24

25

26

27

28

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA  94704-1204
(510) 665-8644

1    I, Stuart Seaborn, declare as follows:

2        1.        I am an attorney duly licensed to practice law in California and am counsel of

3    record for the Plaintiffs in the above-captioned case. This declaration is based upon my personal

4    knowledge. If called to testify, I could testify competently to the facts described in this

5    declaration.

6        2.        I submit this declaration in support of Plaintiffs' Motion for Class Certification.

7        3.        On May 29, July 11, July 12, and July 16, 2018, counsel conferred about this

8    motion by telephone; Defendant declined to consent to class certification. The parties have

9    agreed to enter into settlement discussions with a mediator at JAMS. While Plaintiffs have

10   noticed a hearing date in accordance with the Court's rules, the parties plan on stipulating to a

11   briefing schedule and jointly requesting a continuance of that date as well as the previously-

12   scheduled Case Management Conference (ECF No. 22) to allow them time to engage in

13   settlement discussions prior to dedicating additional resources to this motion. The parties have

14   also stipulated that Defendants will have thirty days from the date of the filing of Plaintiffs'

15   Amended Complaint to file a responsive pleading.

16                              **Proposed Class Counsel's Qualifications**

17       4.        I am the Managing Director for Litigation at Disability Rights Advocates

18   ("DRA"), the firm proposed as class counsel, and I oversee DRA's litigation efforts in this case.

19       5.        DRA is a 501(c)(3) non-profit public interest organization exclusively dedicated

20   to advancing the civil rights of people with disabilities. DRA engages in class action and impact

21   litigation on behalf of clients who face discrimination or other violations of civil rights or federal

22   statutory protections. DRA is generally acknowledged to be one of the leading public interest

23   disability rights legal organizations in the country. Attorneys in the firm regularly lecture to

24   local, state, and national legal and professional organizations on law applicable to persons with

25   disabilities.

26

27

28

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

*Mental Health & Wellness Coalition et al, v. The Board of Trustees of the Leland Stanford Junior University*,
**Case No. 5:18-cv-02895-NC**
**Declaration of Stuart Seaborn in Support of Plaintiffs' Motion for Class Certification**        **1**

1

2

3

4

5

6

7

8

9

10

11

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6.     DRA has served as lead counsel in dozens of civil rights class actions across the Country and has specialized expertise in class actions involving the Americans with Disabilities Act, the Rehabilitation Act and state disability rights laws.

7.     I have specialized in the use of litigation to advance the public interest for the past nineteen years and, over the last fifteen years, I have focused almost exclusively on cases impacting the rights of persons with disabilities.  I have also taught courses on disability law and litigation at UC Davis King Hall School of Law and am currently an adjunct professor at UC Hastings School of Law in San Francisco, where I teach disability rights law.

8.     I have served as lead counsel on variety of disability-rights class actions and other systemic litigation on behalf of persons with disabilities.  Representative cases where I have served as class counsel or lead counsel include the following:

- *Ochoa v. City of Long Beach*, (Case No. 2-14-CV-04307-DSF-FFM), class-action litigation challenging the failure of the City of Long Beach to improve the accessibility of its sidewalks, crosswalks, curb ramps and other pedestrian routes for persons with mobility disabilities.  The case resulted in a settlement agreement that will provide approximately $200 million in accessibility improvements to the City's pedestrian routes as well as policy changes to ensure that the City complies with its new construction and maintenance obligations regarding the accessibility of its sidewalks and other pedestrian routes for the next thirty years.

- *United Spinal Ass'n v. Bd. of Elections of the City of New York*, 882 F. Supp. 2d 615 (S.D.N.Y. 2012), *aff'd sub nom. Disabled in Action v. Bd. of Elections of the City of New York*, 752 F.3d 189 (2d Cir. 2014), a city-wide challenge to the inaccessibility of polling sites for persons with mobility and vision disabilities. The case resulted in the first decision by a circuit court to hold that the Americans with Disabilities Act ("ADA") requires public entities to affirmatively provide the same private and independent voting experience to disabled voters that they provide to the general population of non-disabled voters.

*Mental Health & Wellness Coalition et al, v. The Board of Trustees of the Leland Stanford Junior University*,
**Case No. 5:18-cv-02895-NC**
**Declaration of Stuart Seaborn in Support of Plaintiffs' Motion for Class Certification**          **2**

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

- *Lighthouse for the Blind & Visually Impaired v. Redbox Automated Retail, LLC*, No. 4:12-cv-00195 PJH (N.D. Cal.), a statewide class-action on behalf of blind Californians resulting in a settlement agreement requiring accessibility improvements to all of the roughly 4000 Redbox video-rental kiosks in California.

- *Cal. Council of the Blind v. Cnty. of Alameda*, 985 F. Supp. 2d 1229 (N.D. Cal. 2014), systemic litigation challenging Alameda County's failure to provide functioning accessible voting machines to blind voters on Election Day, thereby denying them the opportunity to vote privately and independently; the case resulted in the first district court decision to find that the ADA requires a secret ballot for blind voters where one is provided to sighted voters.

- *Gray v. Golden Gate Nat'l Recreation Area*, Nos. 3:14-cv-00511 EDL, 3:08-cv-00722 EDL (N.D. Cal.), a case on behalf of a class of people with mobility and vision disabilities who could not fully access national parks in San Francisco, Marin, and San Mateo Counties.  After six years of litigation, the parties reached the first comprehensive settlement in the Country focused on increasing the accessibility of a national-park system for persons with vision and mobility disabilities.

- *Phillips et al. v City of New York et al.,* 1:11-cv-06685 (KPF)(S.D.N.Y.), litigation challenging the New York City Police Department's blanket ban on the use of hearing aids by uniformed police officers. The case resulted in a settlement agreement requiring the NYPD to review its hearing aid policy for incumbent officers and consider evaluating officers using hearing aids on a case-by-case basis.

- *Legal Services for Prisoners with Children et al. v. Gregory Ahern at al.*, (Case No. RG1265266; Alameda County Superior Court), systemic litigation challenging the inaccessibility of the services, programs and facilities at the third largest jail in California. The litigation resulted in a settlement agreement that

---

*Mental Health & Wellness Coalition et al, v. The Board of Trustees of the Leland Stanford Junior University*, **Case No. 5:18-cv-02895-NC**
**Declaration of Stuart Seaborn in Support of Plaintiffs' Motion for Class Certification**          **3**

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

1  included system-wide architectural improvements and updated disability

2  identification, tracking and accommodations policies.

3  • *Napper v. Cnty. of Sacramento*, No. 2:10-cv-0119 JAM-EFM (E.D. Cal), a class

4  action challenging county-wide cuts to outpatient mental health services.  The

5  case resulted in a consent decree maintaining funding for outpatient services

6  throughout Sacramento County.

7  9.  Prior to joining DRA, I had a solo civil rights practice, and worked as a litigator at

8  Disability Rights California.  I started my career as a trial attorney at the San Francisco Regional

9  Office of the Antitrust Division of the U.S. Department of Justice, after earning my J.D. from the

10  UCLA School of Law in 1998 and my B.A. from the University of California, Berkeley in 1995.

11  10.  Also working on this case as counsel for Plaintiffs are Maia Goodell, Senior Staff

12  Attorney, and Monica Porter, Fellowship Attorney.

13  11.  Ms. Goodell has been litigating civil rights and employment cases for over twelve

14  years and has been approved as class counsel in multiple cases.  Examples include:

15  • *CIDNY v. MTA* (S.D.N.Y. Case No. 17-cv-2990), class action challenging failure to

16  maintain elevators in the New York City subway system, as a violation of federal and

17  local disability laws.  Class certified Nov. 3, 2017.

18  • *Castillo v. First Care of N.Y., Inc.*, CV-51140/2013 (N.Y. Sup. Ct., Westchester

19  Cty.); *Castillo v. BNV Home Care Agency*, CV-650726/2013 (N.Y. Sup. Ct., N.Y.

20  Cty.), class actions for failure to pay overtime to home health aids. Overcame motion

21  to dismiss. Obtained contested class certifications, final settlement approval.

22  • *Redd v. N.Y. Div. of Parole*, (678 F.3d 166 (2d Cir. 2012)), successful appeal of

23  summary judgment dismissal of same-sex harassment claims for parole officer.

24  • *Merino v. Beverage Plus Am. Corp.*, (No. 10 CIV. 706, 2012 WL 4468182 (S.D.N.Y.

25  Sept. 25, 2012)), class action for failure to pay overtime to beverage delivery

26  workers. Obtained affirmative summary judgment on liability.  Class certified,

27  judgment entered.

28

*Mental Health & Wellness Coalition et al, v. The Board of Trustees of the Leland Stanford Junior University*,
**Case No. 5:18-cv-02895-NC**
**Declaration of Stuart Seaborn in Support of Plaintiffs' Motion for Class Certification**          **4**

1

- *Davis v. Abercrombie & Fitch Co.*, (No. 08 CIV 1859, 2008 WL 4702840 (S.D.N.Y.

2

Oct. 23, 2008)), class action for unpaid overtime; defeated motion to dismiss, won

3

contested collective action certification, obtained final class settlement approval.

4

12.      Ms. Goodell joined DRA in 2017. Previously, she was Supervising Attorney of

5

the Workplace Justice Project at MFY Legal Services (now Mobilization for Justice). Her work

6

there included disability rights, re-entry, and other workplace discrimination and economic

7

justice cases. Before that, she was a partner at Vladeck, Waldman, Elias & Engelhard (now

8

Vladeck, Raskin & Clark), representing employees in discrimination and other employment

9

cases. She also has experience as a fellow at Equality Now, advocating for women's human

10

rights, and as a litigation associate at Foley Hoag LLP.

11

13.      Ms. Goodell holds a Master of Laws (LL.M.) from Yale Law School, a J.D. from

12

the University of Michigan (2001) and a Bachelor of Science from Stanford University (1993).

13

She also clerked for the Honorable M. Margaret McKeown on the Ninth Circuit Court of

14

Appeals. Before attending law school, Ms. Goodell was a Surface Warfare Officer in the U.S.

15

Navy, serving in USS Abraham Lincoln and USS Port Royal.

16

17

14.      Ms. Porter is an Equal Justice Works Fellowship Attorney in DRA's Berkeley

18

office.  Ms. Porter's fellowship is focused on advocating on behalf of higher education students

19

with mental health disabilities, and she led the investigation on this case.  She has presented at

20

several conferences regarding legal protections for college students with mental health

21

disabilities.  For the past two years, Ms. Porter has also worked in high-impact litigation

22

regarding issues affecting individuals with all types of disabilities in the areas of higher

23

education, high-stakes testing, accessible technology, and housing.

24

15.      Ms. Porter holds a J.D. from The George Washington University (2016) where

25

she was a Public Interest Scholar, Dean's Fellow, and served as an Executive Editor on the

26

*International Law Review*; and a B.A. from University of California, Berkeley (2009).  Before

27

attending law school, Ms. Porter worked for an AmeriCorps program in the Bay Area, providing

28

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

*Mental Health & Wellness Coalition et al, v. The Board of Trustees of the Leland Stanford Junior University*,
**Case No. 5:18-cv-02895-NC**
**Declaration of Stuart Seaborn in Support of Plaintiffs' Motion for Class Certification      5**

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

1  legal assistance to self-represented litigants.  During law school, she was a student-attorney with

2  the Public Justice Advocacy Clinic and spent time as a law clerk with the U.S. Department of

3  Justice, U.S. Equal Employment Opportunity Commission, Bay Area Legal Aid, and Legal Aid

4  at Work.

5       16.    DRA is committed to litigating this case vigorously on behalf of the Plaintiff class

6  and has the resources required to litigate this matter in a thorough manner.

7       17.    To my knowledge, DRA has no conflicts of interest that would prevent the firm

8  from providing zealous representation of the Named Plaintiffs and the proposed class.

9                                    **Exhibits**

10      18.    Attached hereto as **Exhibit 1** is a true and correct copy of Stanford's Dean's

11  Leave of Absence policy, as obtained from Defendants' website on July 10, 2018, at the

12  following link: https://studentaffairs.stanford.edu/policies/deans-leave-absence.

13      19.    Attached hereto as **Exhibit 2** is a true and correct copy of Stanford's Interim

14  Policy: Housing Hold Review Process, as obtained from Defendants' website on July 10, 2018,

15  at the following link: https://resed.stanford.edu/residence-deans/residence-dean-

16  resources/interim-policy-housing-hold-review-process.

17      20.    Attached hereto as **Exhibit 3** is a true and correct copy of the Stanford Registrar's

18  2016-2017 Enrollment Statistics page, as obtained from Defendants' website on July 10, 2018, at

19  the following link: https://registrar.stanford.edu/everyone/enrollment-statistics/enrollment-

20  statistics-2016-17.

21      21.    Attached hereto as **Exhibit 4** is a true and correct excerpt of National Council on

22  Disability's Mental Health on College Campuses: Investments, Accommodations Needed to

23  Address Student Needs, 2017, as obtained from the National Council on Disability's website on

24  July 10, 2018, at the following link:

25  https://ncd.gov/sites/default/files/NCD_Mental_Health_Report_508_0.pdf.

26      22.    Attached hereto as **Exhibit 5** is a true and correct excerpt of Centers for Disease

27  Control and Prevention, National Center for Injury Prevention and Control Division of Violence

28

*Mental Health & Wellness Coalition et al, v. The Board of Trustees of the Leland Stanford Junior University*,
**Case No. 5:18-cv-02895-NC**
**Declaration of Stuart Seaborn in Support of Plaintiffs' Motion for Class Certification**          **6**

1  Prevention, Preventing Suicide: A Technical Package of Policy, Programs, and Practices, 2017,

2  as obtained from the Centers for Disease Control's website on July 10, 2018 at the following

3  link: https://www.cdc.gov/violenceprevention/pdf/suicideTechnicalPackage.pdf.

4        23.      Attached as **Exhibit 6** is a true and correct copy of Jana Persky's article in the

5  Stanford Daily titled, *Trouble in Paradise: The state of mental health at Stanford,* 2014, as

6  obtained from the Stanford Daily's website on July 10, 2018, at the following link:

7  https://www.stanforddaily.com/2014/03/07/trouble-in-paradise-the-state-of-mental-health-at-

8  stanford/.

9        24.      Attached as **Exhibit 7** is a true and correct copy of Akshay Agrawal's article in

10  the Stanford Daily titled, *ASSU survey measures student opinions of mental health services,*

11  2015, as obtained from the Stanford Daily's website on July 10, 2018, at the following link:

12  https://www.stanforddaily.com/2015/04/15/assu-survey-measures-student-opinions-of-mental-

13  health-services/.

14        I declare under penalty of perjury under the laws of the United States of America and the

15  State of California that the foregoing is true and correct.

16

17  DATED:  July 16, 2018                Respectfully submitted,

18

19                                      DISABILITY RIGHTS ADVOCATES

20  

21                                      Stuart Seaborn
                                        Attorneys for Plaintiffs

22

23

24

25

26

27

28

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

---

*Mental Health & Wellness Coalition et al, v. The Board of Trustees of the Leland Stanford Junior University,*
**Case No. 5:18-cv-02895-NC**
**Declaration of Stuart Seaborn in Support of Plaintiffs' Motion for Class Certification**                **7**