PILLSBURY WINTHROP SHAW PITTMAN LLP
SARAH G. FLANAGAN (CA Bar No. 70845)
sarah.flanagan@pillsburylaw.com
JACOB R. SORENSEN (CA Bar No. 209134)
jake.sorensen@pillsburylaw.com
ERICA TURCIOS YADER (CA Bar No. 271655)
erica.yader@pillsburylaw.com
Four Embarcadero Center, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 983-1000
Facsimile: (415) 983-1200

Attorneys for Defendant The Board of Trustees
of the Leland Stanford Junior University

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MENTAL HEALTH & WELLNESS COALITION, ERIK X., TINA Y., JACOB Z., HARRISON FOWLER, ROSE A., SOFIA B.<br><br>Plaintiffs,<br><br>vs.<br><br>THE BOARD OF TRUSTEES OF THE LELAND STANFORD JUNIOR UNIVERSITY D/B/A STANFORD UNIVERSITY<br><br>Defendant. | Case No. 5:18-cv-02895-NC<br><br>**DEFENDANT STANFORD'S PARTIAL MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT** |

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ...................................................................................................1

II. FACTUAL AND PROCEDURAL BACKGROUND .............................................3

   A. Erik X. .........................................................................................................3

   B. Sofia B. ........................................................................................................4

   C. Procedural History. ......................................................................................4

III. ARGUMENT ...........................................................................................................5

   A. The First and Fourth Causes of Action Must Be Dismissed As Time-Barred Insofar as They Pertain to Erik X. and Sofia B. ........................6

   B. The Second Cause of Action Must Be Dismissed As Time-Barred Insofar as It Pertains to Erik X. and Sofia B. ..............................................9

   C. The Fifth Cause of Action Must Be Dismissed As Time-Barred Insofar as It Pertains to Erik X. ..................................................................10

   D. The Third and Sixth Causes of Action Must Be Dismissed As Time-Barred Insofar as They Pertain to Erik X. and Sofia B. ...................10

   E. The Court Does Not Have Subject Matter Jurisdiction over the Remaining Causes of Action, So the Causes of Action and Plaintiffs Should Be Dismissed. .................................................................11

IV. CONCLUSION .....................................................................................................13

TABLE OF AUTHORITIES

Page(s)

Cases

*Banga v. Kanios*
    2017 WL 6731639 (N.D.Cal. Dec. 29, 2017) ..........................................................7, 9, 10

*Daviton v. Columbia/HCA Healthcare Corp.*
    241 F.3d 1131 (9th Cir. 2001) ..............................................................................................9

*Detabali v. St. Luke's Hosp.*
    482 F.3d 1199 (9th Cir. 2007) ............................................................................................12

*DuBois v. Ass'n of Apartment Owners of 2987 Kalakaua*
    453 F.3d 1175 (9th Cir. 2006) ............................................................................................10

*D.K. ex rel. G.M. v. Solano Cty. Office of Educ.*
    667 F. Supp. 2d 1184 (E.D. Cal. 2009 ................................................................................10

*Galvez v. Kuhn*
    933 F.2d 773 (9th Cir. 1991) ..............................................................................................12

*Hartline v. Nat'l Univ.*
    2015 WL 4716491 (E.D.Cal. Aug. 7, 2015) ......................................................................7, 9

*Hill v. Opus Corp.*
    841 F. Supp. 2d 1070 (C.D. Cal. 2011) ................................................................................5

*Indep. Hous. Servs. of San Francisco v. Fillmore Ctr. Assocs.*
    840 F. Supp. 1328 (N.D. Cal. 1993) .....................................................................................9

*Kramer v. Regents of University of California*
    81 F. Supp. 2d 972 (N.D.Cal.,1999) .....................................................................................7

*Lac Vieux Desert Band of Lake Superior Chippewa Indians of Michigan v. Ashcroft*
    360 F. Supp. 2d. 64 (D.D.C. 2004) .....................................................................................12

*Mitchell v. Sung*
    816 F. Supp. 597 (N.D. Cal. 1993) .......................................................................................7

*Ove v. Gwinn*
    264 F.3d 817 (9th Cir. 2001) ..............................................................................................12

*PGA Tour, Inc. v. Martin*
    532 U.S. 661 (2001) .............................................................................................................6

1   *Roman v. BRE Properties, Inc.*
        237 Cal. App. 4th 1040 (2015) ..................................................................................10
2
    *Sharkey v. O'Neal*
3       778 F.3d 767 (9th Cir. 2015) ....................................................................................10
4
    *Skelly Oil Company v. Phillips Petroleum Company*
5       339 U.S. 667 (1950) .................................................................................................12

6   *United Mine Workers of Am. v. Gibbs*
        383 U.S. 715 (1966) .................................................................................................12
7
    *Von Saher v. Norton Simon Museum of Art at Pasadena*
8       592 F.3d 954 (9th Cir. 2010) ......................................................................................5

9   *Weisbuch v. County of Los Angeles*
        119 F.3d 778 (9th Cir. 1997) ......................................................................................5
10
    *West Shield Investigations and Sec. Consultants v. Superior Court*
11      82 Cal.App.4th 935, 98 Cal.Rptr.2d 612 (6th Dist.2000) ..........................................7
12
    *Wilson v. Garcia*
13      471 U.S. 261 (1985) ...................................................................................................7

14  *Zukle v. Regents of Univ. of California*
        166 F.3d 1041 (9th Cir. 1999) ..................................................................................7, 9
15

16                                  Statutes and Codes

17  United States Code
        Title 28, Section 1367 ..............................................................................................12
18      Title 28, Section 1367(c)(3) .....................................................................................12
        Title 28, Section 2201, 2202 (Declaratory Judgment Act) ............................1, 2, 12
19      Title 29, Section 794 (Rehabilitation Act of 1973) ..........................................5, 9, 10
        Title 42, Section 3601, *et seq.* (Fair Housing Act) ......................................5, 6, 10, 11
20      Title 42, Section 3604(f)(3)(B) .................................................................................10
        Title 42, Section 3613(a)(1)(A) ................................................................................11
21      Title 42, Section 12182 *et seq.* (Americans with Disabilities Act Title III) .........5, 6, 7, 9
22
    California Civil Code
23      Section 51, *et seq.* (Unruh Civil Rights Act) ........................................................5, 6, 7, 9

24  California Code of Civil Procedures
        Section 51(f) ...............................................................................................................7
25      Section 335.1 ..........................................................................................................7, 8

26
    California Government Code
27      Section 11135 ....................................................................................5, 6, 10, 11
        Section 12900 *et seq.* (California Fair Employment and Housing Act) ............5, 6, 10, 11
28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

<u>Rules and Regulations</u>

Federal Rules of Civil Procedure
    Rule 12(b)(6) ..................................................................................................1, 5
    Rule 21 .................................................................................................................13

| | |
|---|---|
| 1 | **NOTICE OF MOTION AND MOTION TO DISMISS** |
| 2 | TO ALL PARTIES AND THEIR COUNSEL OF RECORD: |
| 3 | PLEASE TAKE NOTICE that a date for the hearing of this motion will be set, if |
| 4 | then appropriate, at the Case Management Conference on October 31, 2018 at 10:00 a.m., |
| 5 | before the Honorable Nathanael M. Cousins, United States Magistrate Judge, in Courtroom |
| 6 | 5, 4th Floor, United States Courthouse, 280 South 1st Street, San Jose, California. |
| 7 | Defendant THE BOARD OF TRUSTEES OF THE LELAND STANFORD JUNIOR |
| 8 | UNIVERSITY (also known as STANFORD UNIVERSITY) ("Stanford") will then move |
| 9 | and hereby does move to dismiss a portion of the Amended Complaint for the failure of two |
| 10 | of the Plaintiffs to state a claim upon which relief can be granted pursuant to Federal Rule |
| 11 | of Civil Procedure 12(b)(6). |
| 12 | This Court should dismiss the Amended Complaint as to Plaintiff Erik X. ("Erik") |
| 13 | and Plaintiff Sofia B. ("Sofia"). The First, Second, Third, Fourth and Sixth Causes of |
| 14 | Action as they pertain to both Erik and Sofia are time-barred. The Fifth Cause of Action as |
| 15 | to Erik is also time-barred. The Court does not have jurisdiction of the Seventh Cause of |
| 16 | Action as to both Erik and Sofia because neither of them has a viable federal claim and the |
| 17 | Declaratory Judgment Act does not constitute an independent basis for jurisdiction. This |
| 18 | Court should not extend supplemental jurisdiction to the Fifth Cause of Action as it pertains |
| 19 | to Sofia because it is based on California law, and where a court has dismissed all of a |
| 20 | plaintiff's federal claims, especially at an early stage of a lawsuit, a state law claim should |
| 21 | be dismissed. Because all of Erik's and Sofia's claims should be dismissed, Erik and Sofia |
| 22 | should themselves be dismissed as Plaintiffs in this case. |
| 23 | The motion to dismiss is based on this notice of motion and motion, the |
| 24 | memorandum that follows, pleadings and records on file in this action, and any arguments |
| 25 | presented to this Court at or before the hearing on this motion. |
| 26 | **MEMORANDUM OF POINTS AND AUTHORITIES** |
| 27 | **I.   INTRODUCTION** |
| 28 | Plaintiffs are seven named parties and a purported class comprised of students and |

1   STANFORD'S PARTIAL MOTION TO DISMISS
PLAINTIFFS' FIRST AMENDED COMPLAINT
Case No. 5:18-cv-02895-NC

1   student groups who allege that Stanford employs policies, practices and procedures that
2   discriminate against individuals with mental health disabilities.  For two of the named
3   Plaintiffs, however, the alleged discrimination occurred outside the window allowed by
4   statutes of limitations applicable to Plaintiffs' claims.  The federal claims in the Amended
5   Complaint, insofar as they are claims by these two named Plaintiffs, are time-barred and
6   should be dismissed.  Because the remaining claims provide no valid basis for subject-
7   matter jurisdiction, the remaining claims—and the two named Plaintiffs—should be
8   dismissed from this case as well.

9         Erik alleges that, after a suicide attempt in January 2013, he was required to take a
10  leave of absence and his campus housing was revoked.  Erik returned to campus in the fall
11  of 2014, when he alleges he was forced to meet certain requirements for reenrollment.
12  Plaintiffs did not file their original Complaint until May 17, 2018—more than three years
13  after the alleged actions by Stanford against Erik occurred.  *See Plaintiffs' Complaint for*
14  *Injunctive and Declaratory Relief* ("Original Complaint"), Dkt. 1.  Because the harm that
15  Erik alleges Stanford committed against him occurred more than three years prior to the
16  filing of the Original Complaint, the applicable statutes of limitations bar Erik from
17  asserting the First, Second, Third, Fourth, Fifth and Sixth Causes of Action and those
18  causes of action must be dismissed as to him.  As the only remaining cause of action—the
19  Seventh Cause of Action—is for declaratory relief, and the Declaratory Judgment Act does
20  not constitute an independent basis for jurisdiction, the Seventh Cause of Action should
21  also be dismissed as to Erik.  Erik should be dismissed as a Plaintiff in this case.

22        Similarly, Sofia alleges that Stanford required her to take a leave of absence in
23  December 2015.  Sofia returned to Stanford in spring 2016, when she alleges that she had to
24  meet certain requirements for reenrollment.  Sofia's allegations were added when Plaintiffs
25  amended their complaint on July 16, 2018.  *See Plaintiffs' Amended Complaint for*
26  *Injunctive and Declaratory Relief* ("Am. Complaint" or "Amended Complaint"), Dkt.  25.
27  Because the harm that Sofia alleges Stanford committed against her occurred over two
28  years prior to Plaintiffs' filing of the Amended Complaint, Sofia is time-barred from

asserting the First, Second, Third, Fourth and Sixth Causes of Action, and those claims must be dismissed as to her. Without these causes of action, Sofia is left with only the Fifth Cause of Action (a California statutory claim) and the Seventh Cause of Action (declaratory relief). Neither provide the Court with subject-matter jurisdiction; therefore, both the Fifth and Seventh Causes of Action should also be dismissed as to Sofia. Sofia should be dismissed as a Plaintiff in this case.

## II. FACTUAL AND PROCEDURAL BACKGROUND

### A. Erik X.

Erik first enrolled at Stanford in Fall Quarter 2012. *See* Am. Complaint, Dkt. 25, ¶ 98. The Amended Complaint alleges that Erik attempted suicide and was hospitalized at Stanford Hospital on January 25, 2013. *See id.* ¶ 100. Erik took a leave of absence after this event, and returned to Stanford in Fall Quarter 2014. *See id.* ¶ 110.

Erik's allegations concern actions Stanford allegedly took between Erik's hospitalization in January 2013 and his return to campus in Fall Quarter 2014. While he was in the hospital, Erik alleges that a Stanford residence dean required him to take a Dean's Leave of Absence and sign a voluntary leave of absence form. *See id.* ¶¶ 103-04. Erik alleges he received a letter notifying him that Stanford had revoked his on-campus housing and was charged a $450 housing administrative fee. *See id.* ¶¶ 106-108. The Amended Complaint alleges that when Erik wished to return to Stanford in Fall Quarter 2014, Erik had to complete a number of requirements in order to return to campus, such as completion of a personal statement, submission of a letter from his treating clinician, authorization for Stanford to communicate directly with his treating clinician, participation in numerous meetings, and upon his return, participation in off-campus mental health treatment. *See id.* ¶¶ 110-11. Erik alleges that Stanford's actions related to his attempted suicide aggravated his trauma and caused him harm; he alleges that Stanford failed to discuss possible accommodations with him and instead forced him to accept blame and punishment for actions related to his mental health disability. *See id.* ¶ 112. Erik presents no allegations of any Stanford action against him after Fall Quarter 2014. *See id.* ¶¶ 96-

114.

### B.   Sofia B.

Sofia first enrolled at Stanford in Fall Quarter 2015. *See* Am. Complaint, Dkt. 25, ¶ 168. The Amended Complaint alleges that Sofia experienced an anxiety attack and voluntarily admitted herself to Stanford Hospital on December 6, 2015, staying until December 9. *See id.* ¶ 169. After her anxiety attack, Sofia took a leave of absence and returned to Stanford in Spring Quarter 2016. *See id.* ¶ 176.

Sofia's allegations concern actions Stanford allegedly took between Sofia's hospitalization in December 2015 and her return to campus in Spring 2016. Sofia alleges that during her hospital stay, Stanford's Dean of Students required her to take a leave of absence even though she did not want to do so. *See id.* ¶¶ 170-72. Sofia also alleges that Stanford denied her the ability to take her Fall Quarter final examinations, which allegedly resulted in "incompletes" in her classes, a larger course load upon return, and suffering grades. *See id.* ¶¶ 177-78. Sofia further alleges that Stanford charged her a $350 "Late Termination of Occupancy" fee upon leaving her dormitory. *See id.* ¶ 173. During her leave of absence, which lasted from the end of 2015 to spring 2016, Sofia alleges that Stanford administrators limited the amount of time she could stay on campus to visit friends. *See id.* ¶ 176.

On returning to campus in Spring Quarter 2016, Sofia alleges that Stanford called upon her to meet certain requirements that failed to acknowledge that Sofia's past thoughts and acts were related to a disability. *See id.* Sofia alleges that she "felt like a liability" and upon return "felt like if she did anything that Stanford perceived to be out of line with their strict mental health policies that she would be removed from campus." *See id.* ¶¶ 180-81. Sofia attributes both of these feelings to her experience with Stanford's leave of absence policies, *i.e.*, during the December 2015-spring 2016 time period. *See id.* Sofia presents no allegation of any Stanford action against her after Spring Quarter 2016. *See id.* ¶¶ 166-81.

### C.   Procedural History.

Plaintiffs filed their Original Complaint, which included Erik's allegations, on May

17, 2018.  *See* Original Complaint, Dkt 1.  Sofia was not mentioned in the Original Complaint.  Plaintiffs amended to include Sofia's claims (among others) on July 16, 2018.  *See* Am. Complaint, Dkt. 25.

The Amended Complaint lists seven causes of action: (1) Violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12182, *et seq.*; (2) Violation of Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, *et seq.*; (3) Violation of the Fair Housing Act, 42 U.S.C. § 3601, *et seq.*; (4) Violation of the Unruh Civil Rights Act, California Civil Code § 51, *et seq.*; (5) Violation of California Government Code § 11135; (6) Violation of California Fair Employment and Housing Act, California Government Code § 12900, *et seq.*; and (7) Declaratory Relief.  *See id.*, ¶¶ 255-331.

**III.    ARGUMENT**

Rule 12(b)(6) authorizes the dismissal of a complaint that fails to state a claim on which relief may be granted.  In a complaint alleging several distinct claims for relief, a partial Rule 12(b)(6) motion may be filed to dismiss only part of a complaint.  *See Hill v. Opus Corp.*, 841 F. Supp. 2d 1070, 1082 (C.D. Cal. 2011).

A Rule 12(b)(6) motion to dismiss for failure to state a claim is appropriate where a plaintiff has included allegations in the complaint that, on their face, disclose an absolute defense or bar to recovery.  *See Weisbuch v. County of Los Angeles*, 119 F.3d 778, 783, fn. 1 (9th Cir. 1997) ("If the pleadings establish facts compelling a decision one way, that is as good as if depositions and other expensively obtained evidence on summary judgment establishes the identical facts.").

Where, as here, the facts and dates alleged in a complaint indicate the claim is barred by the statute of limitations, a motion to dismiss for failure to state a claim lies because the action is time-barred.  *See Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010).  A two-year statute of limitations period bars the majority of Erik's and Sofia's claims.  Erik's and Sofia's Americans with Disabilities Act Title III claim (First Cause of Action) and associated California Unruh Civil Rights Act claim (Fourth Cause of Action) are barred by two-year statutes of limitations.  *See* III, A.,

1  *infra*. Erik's and Sofia's Rehabilitation Act Section 504 claim (Second Cause of Action) is
2  also barred by a two-year statute of limitations. *See* III, B., *infra*. Erik's associated
3  California Government Code § 11135 claim (Fifth Cause of Action) is barred by a three-
4  year statute of limitations. *See* III, C., *infra*. Erik's and Sofia's Fair Housing Act claim
5  (Third Cause of Action) and California Fair Employment and Housing Act claim (Sixth
6  Cause of Action) are barred by two-year statutes of limitations. *See* III, D., *infra*. Because
7  Sofia alleges wrongful action by Stanford against her that occurred over two years prior to
8  the filing of her claims, and Erik alleges wrongful actions by Stanford against him that
9  occurred over three years prior to the filing of his claims, the claims premised on those
10 allegedly wrongful actions must be dismissed as to Sofia and Erik.

11      In addition, where, as here, the Court does not have subject matter jurisdiction of the
12 remaining claims for Erik and Sofia (the Fifth Cause of Action is a California Unruh Act
13 claim and the Seventh Cause of Action is a Declaratory Relief claim), the remaining
14 claims—and these two Plaintiffs—should be dismissed. *See* III, E., *infra*.

15      **A.   The First and Fourth Causes of Action Must Be Dismissed As Time-**
16           **Barred Insofar as They Pertain to Erik X. and Sofia B.**

17      Plaintiffs' First Cause of Action concerns Stanford's alleged violation of Title III of
18 the Americans with Disabilities Act, 42 U.S.C. § 12182, *et seq.* ("ADA"). Am. Complaint,
19 Dkt. 25, ¶¶ 255-69. Plaintiffs' Fourth Cause of Action alleges violation of the California
20 Unruh Civil Rights Act. *Id*. ¶¶ 300-08.

21      Title III of the ADA prohibits public accommodations from discriminating against
22 disabled persons "on the basis of disability in the full and equal enjoyment of the goods,
23 services, facilities, privileges, advantages, or accommodations." 42 U.S.C. § 12182(a);
24 *PGA Tour, Inc. v. Martin*, 532 U.S. 661, 676 (2001). To prove disability discrimination, a
25 plaintiff must prove the following elements:

26      1) Plaintiff is disabled;
27      2) Plaintiff is qualified to remain a student at the university, i.e., he or she can meet
28 the essential eligibility requirements, with or without reasonable accommodation;

3) **The university took adverse education action against the plaintiff because of his or her disability**; and

4) The university is a place of public accommodation.

*Banga v. Kanios*, 2017 WL 6731639, at *3 (N.D.Cal. Dec. 29, 2017);[1] *see also Zukle v. Regents of Univ. of California*, 166 F.3d 1041, 1045 (9th Cir. 1999).

A violation of the ADA constitutes a violation of the Unruh Civil Rights Act. *See* Cal. Civ. Code § 51(f). Accordingly, the elements for Plaintiffs' Fourth Cause of Action are the same as the elements of the First Cause of Action. *See Munson*, 46 Cal.4th at 665.

As an element of both causes of action, the plaintiff must prove that the university took an adverse education action against the plaintiff because of his or her disability. *See Banga*, 2017 WL 6731639, at *3. A two-year statute of limitations applies to both Title III of the ADA and the Unruh Civil Rights Act. *See Hartline v. Nat'l Univ.*, 2015 WL 4716491, at *4-5 (E.D.Cal. Aug. 7, 2015) (applying two-year statute of limitations to Title III claim[2]); *Mitchell v. Sung*, 816 F. Supp. 597, 602 (N.D. Cal. 1993) (applying California personal-injury statute of limitations to Unruh Civil Rights Act); Cal. Code Civ. Proc. § 335.1. Because the adverse university actions Erik and Sofia allege occurred over two years prior to the filing of their respective claims, the First and Fourth Causes of Action must be dismissed as they pertain to Erik and Sofia.

---

[1] A federal register citation is not yet available for this case.

[2] There is no statute of limitations provided under Title III of the ADA. The Supreme Court has instructed that where "Congress has not established a time limitation for a federal cause of action, the settled practice has been to adopt a local time limitation as to federal law if it is not inconsistent with federal law or policy to do so." *Wilson v. Garcia*, 471 U.S. 261, 266–67 (1985). The difference is academic, as the two most analogous state statutes are California's Unruh Act and California's personal injury statute, which are both now subject to the same two-year personal injury statute of limitations. *See Kramer v. Regents of University of California*, 81 F. Supp.2d 972, 973–78 (N.D.Cal.,1999) (applying Unruh statute of limitations to Title III claim); *see also West Shield Investigations and Sec. Consultants v. Superior Court*, 82 Cal.App.4th 935, 953, 98 Cal.Rptr.2d 612 (6th Dist.2000) (holding that the appropriate statute of limitations for the Unruh Act is "section 340, subdivision (3) [since re-codified as Cal. Civ. Code § 335.1], the one-year limitations period for personal injury actions [since changed to two-years in § 335.1].")

1   The only adverse education actions Erik alleges that Stanford took occurred
2   between Erik's hospitalization after attempted suicide in January 2013 and return to campus
3   in Fall Quarter 2014.  Specifically, Erik alleges a Stanford administrator required him to
4   take a leave of absence and sign a voluntary leave of absence form while in the hospital.
5   *See* Am. Complaint, Dkt. 25, ¶¶ 103-04.  Erik further alleges that soon thereafter his on-
6   campus housing was revoked and he was charged a fee.  *See id*. ¶¶ 106-108.   When Erik
7   returned to Stanford in Fall Quarter 2014, Erik alleges he had to complete a number of
8   requirements in order to return to campus.  *See id*. ¶¶ 110-11.  Erik alleges that Stanford's
9   actions related to his attempted suicide aggravated his trauma and caused him harm, and
10  that Stanford failed to discuss possible accommodations with him and instead forced him to
11  accept blame and punishment for actions related to his mental health disability.  *See id*. ¶
12  112.  Erik presents no allegations of wrongful actions by Stanford against him after Fall
13  Quarter 2014.  *See id*. ¶¶ 96-114.
14  Erik's claims were included in the Original Complaint, which was not filed until
15  May 17, 2018—over three years after any adverse education action alleged by Erik. Thus,
16  Plaintiffs' First and Fourth Causes of Action must be dismissed insofar as they pertain to
17  Erik.
18  Similarly, the only adverse education actions Sofia alleges that Stanford took
19  occurred between Sofia's hospitalization in December 2015 and return to campus in spring
20  2016.  Specifically, Sofia alleges that Stanford required her to take a leave of absence in
21  December 2015 after experiencing an anxiety attack even though she did not want to do so.
22  *See* Am. Complaint, Dkt. 25, ¶ 171-72.  Sofia also alleges that Stanford denied her the
23  ability to take her Fall Quarter final examinations, which allegedly resulted in
24  "incompletes" in her classes, a larger course load upon return, and suffering grades.  *See id*.
25  ¶¶ 177-78.  Upon returning to campus in Spring Quarter 2016, Sofia alleges that Stanford
26  called upon her to meet certain requirements that failed to acknowledge that Sofia's past
27  thoughts and acts were related to a disability.  *See id*.  Sofia presents no allegations of
28  Stanford's actions against her after Spring Quarter 2016.  *See id*. ¶¶ 166-81.

1    Sofia's claims were first included in the Amended Complaint, which was filed on
2    July 16, 2018, over two years after the end of Spring Quarter 2016, and after any adverse
3    education action alleged by Sofia.  Because the ADA and the Unruh Civil Rights Act carry
4    a two-year statute of limitations, Plaintiffs' First and Fourth Causes of Action must be also
5    dismissed insofar as they pertain to Sofia.

6    **B.    The Second Cause of Action Must Be Dismissed As Time-Barred**
7    **Insofar as It Pertains to Erik X. and Sofia B.**

8    Plaintiffs' Second Cause of Action concerns Stanford's alleged violation of Section
9    504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, *et seq.*  Am. Complaint, Dkt. 25, ¶¶
10   270-84.  The first three elements of a Rehabilitation Act claim are identical to those for a
11   Title III claim.[3]  *See* III, A. 1, *supra*; *see also Banga*, 2017 WL 6731639, at *3; *Zukle*, 166
12   F.3d at 1045.  Thus, as with Plaintiffs' First and Fourth Causes of Action, to succeed on
13   Plaintiffs' Second Cause of Action, the plaintiff must again prove in part that the university
14   took an adverse action against the plaintiff because of his or her disability.  *Banga*, 2017
15   WL 6731639, at *3.  Moreover, Section 504 of the Rehabilitation Act also carries a two-
16   year statute of limitations.  *See Indep. Hous. Servs. of San Francisco v. Fillmore Ctr.*
17   *Assocs.*, 840 F. Supp. 1328, 1345 (N.D. Cal. 1993) ("[T]he section 504 claim is governed
18   by California's one-year [since changed by statute to two years] personal injury statute of
19   limitations."); *Daviton v. Columbia/HCA Healthcare Corp.*, 241 F.3d 1131, 1136 fn. 8 (9th
20   Cir. 2001); *see also Hartline*, 2015 WL 4716491, at *4-5 (E.D.Cal. Aug. 7, 2015) (same;
21   noting change of personal injury statute from one-year to two-year limitation).

22   As discussed in the preceding section, *see* III, A., *supra*, the adverse actions by
23   Stanford that Erik and Sofia allege occurred over two years prior to the filing of their
24   respective claims.  They are therefore both time-barred from asserting the claim, and the
25   Second Cause of Action must also be dismissed as it pertains to Erik and Sofia.

26   ─────────────
27   [3] The fourth element is different: The plaintiff, rather than proving that the university is a place of public accommodation, must prove that the university receives federal financial assistance.  *Zukle*, 166 F.3d at 1045.
28

### C. The Fifth Cause of Action Must Be Dismissed As Time-Barred Insofar as It Pertains to Erik X.

Plaintiffs' Fifth Cause of Action concerns Stanford's alleged violation of California Government Code § 11135. Am. Complaint, Dkt. 25, ¶¶ 309-316. Again, the elements of a Section 11135 cause of action are the same as those for a Rehabilitation Act claim, *see* III, B., *supra*; *see also D.K. ex rel. G.M. v. Solano Cty. Office of Educ.*, 667 F. Supp. 2d 1184, 1190–91 (E.D. Cal. 2009) ("Cal. Gov. Code § 11135 is identical to the Rehabilitation Act except the entity must receive State financial assistance rather than Federal financial assistance."). Thus, as with Plaintiffs' First and Fourth Causes of Action, to succeed on Plaintiffs' Fifth Cause of Action, the plaintiff must again prove in part that the university took an adverse action against the plaintiff because of his or her disability. *Banga*, 2017 WL 6731639, at *3 (N.D.Cal. Dec. 29, 2017). Section 11135 carries a three-year statute of limitations. *See Sharkey v. O'Neal*, 778 F.3d 767, 773 (9th Cir. 2015).

As discussed earlier, *see* III, A. 1, *supra*, the adverse education actions by Stanford that Erik alleges occurred over three years prior to the filing of the Original Complaint on May 17, 2018. Erik is time-barred from asserting this claim, and the Fifth Cause of Action must also be dismissed as it pertains to him.

### D. The Third and Sixth Causes of Action Must Be Dismissed As Time-Barred Insofar as They Pertain to Erik X. and Sofia B.

Plaintiffs' Third Cause of Action concerns Stanford's alleged violation of the Fair Housing Act, 42 U.S.C. § 3601, *et seq.* Am. Complaint, Dkt. 25, ¶¶ 285-99. Plaintiffs' Sixth Cause of Action alleges violation of the California Fair Employment and Housing Act, Cal. Gov. Code § 12900, et seq. *Id.* ¶¶ 317-31. For both causes of action, the plaintiff must prove in part that Stanford refused to accommodate a plaintiff's handicap or disability, the accommodation of which was necessary to afford the plaintiff an equal opportunity to use and enjoy his or her dwelling. *See* 42 U.S.C. § 3604(f)(3)(B); *DuBois v. Ass'n of Apartment Owners of 2987 Kalakaua*, 453 F.3d 1175, 1179 (9th Cir. 2006) (regarding federal Fair Housing Act); Cal. Gov. Code § 12927(c)(1); *Roman v. BRE Properties, Inc.*,

237 Cal. App. 4th 1040, 1051 (2015) (California Fair Employment and Housing Act). Both the federal Fair Housing Act and the California Fair Employment and Housing Act carry two-year statutes of limitations. *See* 42 U.S.C. § 3613(a)(1)(A); Cal. Gov. Code § 12989.1. Because the improper Stanford housing actions that Erik and Sofia allege occurred over two years prior to the filing of their respective claims, the Third and Sixth Causes of Action must be dismissed as they pertain to Erik and Sofia.

Again, as discussed in III, A., *supra*, Erik presents no allegations regarding Stanford's actions against him after Fall Quarter 2014. *See id.* ¶¶ 96-114. Sofia presents no allegations regarding Stanford's actions against her after Spring Quarter 2016. *See id.* ¶¶ 166-81. Both the federal Fair Housing Act and California Fair Employment and Housing Act carry two-year statutes of limitation. *See* 42 U.S.C. § 3613(a)(1)(A) (providing a two-year statute of limitations to bring a federal claim for a discriminatory housing practice); Cal. Gov. Code § 12989.1 (providing a two-year statute of limitations to bring an action in California for a discriminatory housing practice). Erik's claims were included in the Original Complaint, which was not filed until May 17, 2018—over three years after any adverse housing action against him alleged by Erik. Sofia's claims were only included in the Amended Complaint, which was filed on July 16, 2018, over two years after the end of Spring Quarter 2016, and after any adverse housing action against her alleged by Sofia. Thus, Plaintiffs' Third and Sixth Causes of Action must be dismissed insofar as they pertain to Erik and Sofia.

### E.  The Court Does Not Have Subject Matter Jurisdiction over the Remaining Causes of Action, So the Causes of Action and Plaintiffs Should Be Dismissed.

When omitting the claims that are time-barred, Erik is only left with the Seventh Cause of Action (Declaratory Relief), and Sofia is only left with the Fifth Cause of Action (Violation of California Government Code § 11135) and the Seventh Cause of Action (Declaratory Relief). The Fifth Cause of Action is not a federal claim, and the Seventh Cause of Action cannot serve as an independent basis for federal jurisdiction. The claims—

1 and these two Plaintiffs—should therefore be dismissed.

2     Subject matter jurisdiction cannot be waived, and may be contested by a party or
3 raised *sua sponte* at any point in the proceedings. *See Galvez v. Kuhn*, 933 F.2d 773, 775 n.
4 4 (9th Cir. 1991); *Detabali v. St. Luke's Hosp.*, 482 F.3d 1199, 1202 (9th Cir. 2007).

5     The Seventh Cause of Action for Declaratory Relief does not provide either Erik or
6 Sofia with subject matter jurisdiction. The Declaratory Judgment Act ("DJA"), 28 U.S.C.
7 §§ 2201, 2202, "does not constitute an independent basis for jurisdiction. Rather, the
8 statute merely creates a remedy in cases otherwise within the Court's jurisdiction." *Lac*
9 *Vieux Desert Band of Lake Superior Chippewa Indians of Michigan v. Ashcroft*, 360 F.
10 Supp. 2d. 64, 66 n. 3 (D.D.C. 2004) (internal citations omitted); *see also Skelly Oil*
11 *Company v. Phillips Petroleum Company*, 339 U.S. 667, 671-72 (1950) (stating that while
12 the Act enlarges the range of remedies available to federal court litigants, it does not confer
13 an independent basis for federal jurisdiction).

14     28 U.S.C. § 1367(c)(3) authorizes supplemental jurisdiction over state law claims.
15 However, as to Sofia's Fifth Cause of Action, based upon a California state statute, the
16 claim must be sufficiently related to a separate claim over which the Court has original
17 jurisdiction. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("[I]f the
18 federal claims are dismissed before trial, even though not insubstantial in a jurisdictional
19 sense, the state claims should be dismissed as well."); 28 U.S.C. § 1367 (granting district
20 courts supplemental jurisdiction over claims related to those over which district courts have
21 *original* jurisdiction); *Ove v. Gwinn*, 264 F.3d 817, 826 (9th Cir. 2001) (the district court
22 may in its discretion "decline to exercise supplemental jurisdiction over related state-law
23 claims once it has 'dismissed all claims over which it has original jurisdiction'" (citation
24 omitted)).

25     If the Court dismisses all of Sofia's federal law claims and all but one of the state
26 law claims as time barred, as Stanford believes it should, the Court should decline to
27 exercise supplemental jurisdiction and dismiss the one state law claim remaining for Sofia,
28 especially given the very early stage of the litigation.

1       Given that all of the causes of action alleged by Erik and Sofia are subject to dismissal, Plaintiffs Erik and Sofia should be dismissed as parties as well. *See* Federal Rule of Civil Procedure 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party.")

**IV.  CONCLUSION**

      For the reasons stated above, Stanford asks that this Court dismiss Plaintiffs' First, Second, Third, Fourth and Sixth Causes of Action as they pertain to Plaintiffs Erik X. and Sofia B. because they are time-barred. Stanford further asks that this Court dismiss the remaining Fifth and Seventh Causes of Action as they pertain to Erik and Sofia because neither of those Plaintiffs has a viable federal claim. Because all of Erik's and Sofia's claims should be dismissed, Erik and Sofia should themselves be dismissed as Plaintiffs in this case.

Dated: August 15, 2018

PILLSBURY WINTHROP SHAW PITTMAN LLP
SARAH G. FLANAGAN
JACOB R. SORENSEN
ERICA TURCIOS YADER
Four Embarcadero Center, 22nd Floor
San Francisco, California 94111

By:     */s/ Sarah G. Flanagan*
         Sarah G. Flanagan

Attorneys for Defendant THE BOARD OF TRUSTEES OF THE LELAND STANFORD JUNIOR UNIVERSITY