1   PILLSBURY WINTHROP SHAW PITTMAN LLP
    SARAH G. FLANAGAN (CA Bar No. 70845)
2   sarah.flanagan@pillsburylaw.com
    JACOB R. SORENSEN (CA Bar No. 209134)
3   jake.sorensen@pillsburylaw.com
    ERICA TURCIOS YADER (CA Bar No. 271655)
4   erica.yader@pillsburylaw.com
    Four Embarcadero Center, 22nd Floor
5   San Francisco, CA 94111
    Telephone: (415) 983-1000
6   Facsimile: (415) 983-1200

7   Attorneys for Defendant The Board of Trustees
    of the Leland Stanford Junior University
8

9                    UNITED STATES DISTRICT COURT

10                 NORTHERN DISTRICT OF CALIFORNIA

11                        SAN JOSE DIVISION

12
    | MENTAL HEALTH & WELLNESS | Case No. 5:18-cv-02895-NC |
13  | COALITION, ERIK X., TINA Y., | |
    | JACOB Z., HARRISON FOWLER, ROSE | **STANFORD'S ANSWER TO** |
14  | A., SOFIA B. | **AMENDED COMPLAINT** |
15  |             Plaintiffs, | |
16  | | |
    |        vs. | |
17  | | |
    | THE BOARD OF TRUSTEES OF THE | |
18  | LELAND STANFORD JUNIOR | |
    | UNIVERSITY D/B/A STANFORD | |
19  | UNIVERSITY | |
20  |         Defendant. | |
21

22       Defendant THE BOARD OF TRUSTEES OF THE LELAND STANFORD

23  JUNIOR UNIVERSITY, also known as STANFORD UNIVERSITY ("Stanford"), by and

24  through its attorneys, admits, denies and avers as follows with respect to the Ammended

25  [sic] Complaint for Injunctive and Declaratory Relief of MENTAL HEALTH &

26  WELLNESS COALITION, ERIK X., TINA Y., JACOB Z., HARRISON FOWLER,

27  ROSE A., SOFIA B. ("Plaintiffs") filed July 16, 2018 ("Complaint") (Dkt. 25).

28

1     1.     Answering Paragraph 1, Stanford admits that Plaintiffs have filed this class-

2    action lawsuit, but Stanford lacks knowledge or information sufficient to form a belief

3    about the truth of the allegations concerning their motives and purpose in bringing this

4    action, and on that basis denies them.  To the extent the remainder of this Paragraph

5    contains legal conclusions, no response is required.  Except as so admitted, denied.

6     2.     Answering Paragraph 2, Stanford admits that it is a highly selective

7    university regularly ranked in the top five nationally and globally and that it charges tuition

8    in the range of $50,000 per year.  To the extent the remainder of this Paragraph contains

9    legal conclusions, no response is required.  Except as so admitted, denied.

10     3.     Answering Paragraph 3, Stanford objects that the use of the words "This"

11    and "surging" is ambiguous.  To the extent "This" is intended to be a reference to

12    Paragraph 2, Stanford incorporates herein its response to Paragraph 2.  Beyond that,

13    Stanford lacks knowledge or information sufficient to form a belief about the truth of the

14    allegations in Paragraph 3, and on that basis denies them.  Except as so admitted, denied.

15     4.     Answering Paragraph 4, the referenced "Recent studies" are not identified,

16    and therefore Stanford lacks knowledge or information sufficient to form a belief about the

17    truth of the allegations in Paragraph 4, and on that basis denies them.  In any event, any

18    such studies are the best record of their content rather than paraphrasing them.

19     5.     Answering Paragraph 5, cites for the recent findings alleged are not

20    provided, and Stanford therefore lacks knowledge or information sufficient to form a belief

21    about the truth of the allegations in Paragraph 5, and on that basis denies them.  In any

22    event, any such findings would be the best record of their content rather than paraphrasing

23    them.

24     6.     Answering Paragraph 6, Stanford is aware of information that supports that

25    suicide is the second leading cause of death amongst young adults and that, compared to

26    other cohorts of young adults, being in college is relatively protective with regard to

27    completed suicide.  Beyond that, Stanford lacks knowledge or information sufficient to

28

1    form a belief about the truth of the allegations in Paragraph 6, and on that basis denies

2    them.

3          7.      Answering Paragraph 7, Stanford lacks knowledge or information sufficient

4    to form a belief about the truth of the allegations in Paragraph 7, and on that basis denies

5    them.

6          8.      Answering Paragraph 8, no comparative reference point is given for the

7    assertion "more likely" and no distinction is made among the referenced students as to

8    whether they have mental health challenges, making the allegation ambiguous.  Stanford

9    lacks knowledge or information sufficient to form a belief about the truth of the allegations

10    in Paragraph 8, and on that basis denies them.

11          9.      Answering Paragraph 9, Stanford lacks knowledge or information sufficient

12    to form a belief about the truth of the allegations in Paragraph 9, and on that basis denies

13    them.

14          10.    Answering Paragraph 10, Stanford denies the allegations as to it and lacks

15    knowledge or information sufficient to form a belief about the truth of the allegations as to

16    other universities referenced in Paragraph 10, and on that basis denies them.

17          11.    Answering Paragraph 11, Stanford denies the allegations in Paragraph 11.

18    Stanford avers that it has as its paramount concern the safety and support of its students,

19    including those students facing mental health challenges, with whom it works on an

20    individualized basis to address those challenges.

21          12.    Answering Paragraph 12, Stanford denies the allegations in Paragraph 12.

22    Stanford avers that it has as its paramount concern the safety and support of its students,

23    including those students facing mental health challenges, with whom it works on an

24    individualized basis to address those challenges.  Depending on the severity of the

25    challenges and the potential for harm to the students themselves and those around them,

26    Stanford's response to students can include requests for written statements, medical

27    information and/or treatment plans.

28


13.     Answering Paragraph 13, the allegations contained therein are legal conclusions to which no response is required.  To the extent there are any factual allegations requiring a response, Stanford denies them.

14.     Answering Paragraph 14, Stanford admits that Plaintiffs have filed this action for declaratory and injunctive relief, with the causes of action set forth therein.  Except as so admitted, denied.

15.     Answering Paragraph 15, the allegations contained therein are legal contentions and conclusions to which no response is required.  Stanford is filing a motion to dismiss all causes of action as to Erik X. and Sofia B. from this lawsuit based on the applicable statutes of limitations and lack of subject matter jurisdiction and to dismiss Erik X. and Sofia B. as Plaintiffs in this action.  Stanford was limited to the face of the complaint in the motion to dismiss.  It may be that information about individual Plaintiffs may come to light that will result in additional challenges, but at this time Stanford does not have a basis to contest jurisdiction in this Court as to other Plaintiffs.  Except as so admitted, denied.

16.     Answering Paragraph 16, Stanford the allegations contained therein are legal contentions and conclusions to which no response is required.  Stanford incorporates herein its response to Paragraph 15.  With the conditions noted in that Paragraph, Stanford does not contest that venue is otherwise proper in this Court.  Stanford admits that it and its real property are primarily located in the Northern District of California and that the alleged events and omissions purport to have occurred within the District.  Except as so admitted, denied.

17.     Answering Paragraph 17, Stanford notes that it contains legal contentions and conclusions to which no response is required, but does not contest assignment of this action to the San Jose Division.  Except as so admitted, denied.

18.     Answering Paragraph 18, Stanford admits that there is stipulation allowing Plaintiffs to be identified with pseudonyms and that it has received a reference list.  Stanford also admits that Jacob Z. is a Stanford student and, upon information and belief,

1   he has resided in Stanford, California during certain academic quarters and is currently on

2   an involuntary leave of absence.  Upon information and belief, Stanford denies that Jacob

3   is twenty years old.  Stanford lacks knowledge or information sufficient to form a belief as

4   to whether Jacob currently resides in San Jose and as to his current mental health, and on

5   that basis denies them.  Answering the remainder of Paragraph 18, the allegations

6   contained therein are argument and conclusions of law, rather than statements of fact that

7   require a response.  To the extent there are any other factual allegations requiring a

8   response, Stanford denies them.

9        19.     Answering Paragraph 19, Stanford admits that Plaintiff Tina Y. is a twenty-

10   three-year old Stanford student who has resided in Stanford, California during certain

11   academic quarters. Stanford lacks knowledge or information sufficient to form a belief

12   about the current mental health of Tina and on that basis denies those allegations.  Stanford

13   admits that Tina was hospitalized for mental health treatment while participating in

14   Stanford's overseas study program.  Answering the remainder of Paragraph 19, the

15   allegations contained therein are argument and conclusions of law, rather than statements

16   of fact that require a response.  To the extent there are any other factual allegations

17   requiring a response, Stanford denies them.

18        20.     Answering Paragraph 20, Stanford admits that Plaintiff Erik X. is a twenty-

19   four year old student and has resided in Stanford, California during certain academic

20   quarters.  Stanford lacks knowledge or information sufficient to form a belief about the

21   current mental health of Erik and on that basis denies those allegations.  Answering the

22   remainder of Paragraph 20, the allegations contained therein are argument and conclusions

23   of law, rather than statements of fact that require a response.  To the extent there are any

24   other factual allegations requiring a response, Stanford denies them.

25        21.     Answering Paragraph 21, Stanford admits that Harrison Fowler is nineteen

26   years old, was a student at Stanford residing in Stanford, California during certain

27   academic quarters, and is currently on a leave of absence.  Stanford denies that Harrison is

28   currently on an "imposed" leave of absence; his leave of absence is voluntary.  Stanford

1   lacks knowledge or information sufficient to form a belief about the current whereabouts

2   and mental health of Harrison and on that basis denies those allegations.  The remainder of

3   Paragraph 21 contains argument and conclusions of law, rather than statements of fact that

4   require a response.  To the extent there are any other factual allegations requiring a

5   response, Stanford denies them.

6        22.     Answering Paragraph 22, Stanford admits that Plaintiff Rose A. is a

7   nineteen-year-old Stanford student who resided in Stanford, California during certain

8   academic quarters and that she is currently on a leave of absence.  Stanford denies that

9   Rose is currently on an "imposed" leave of absence; her leave of absence is voluntary.

10  Stanford lacks knowledge or information sufficient to form a belief about where Rose

11  currently resides or her current mental health.  Answering the remainder of Paragraph 22,

12  the allegations contained therein are argument and conclusions of law, rather than

13  statements of fact that require a response.  To the extent there are any other factual

14  allegations requiring a response, Stanford denies them.

15       23.     Answering Paragraph 23, Stanford admits that Plaintiff Sofia B. is a twenty-

16  one year old Stanford student who resided in Stanford, California during certain academic

17  quarters.  Stanford lacks knowledge or information sufficient to form a belief about Sofia's

18  current mental health.  The remainder of Paragraph 23 contains argument and conclusions

19  of law, rather than statements of fact that require a response.  To the extent there are any

20  other factual allegations requiring a response, Stanford denies them.

21       24.     Answering Paragraph 24, Stanford admits that the Mental Health &

22  Wellness Coalition is a student-led membership organization at Stanford that raises

23  awareness and shares resources to try to improve mental health and wellness at Stanford

24  and that the Coalition has developed training materials (and their content is the best record

25  of the topics addressed).  As to training presentations, Stanford avers that the Coalition did

26  not make presentations to staff through the official staff training programs.  However, it is

27  possible that the Coalition presented training programs to staff in some of the residences.

28  Stanford avers that it has been informed by representatives of some of the groups within the

1   Coalition that they did not authorize the filing of this lawsuit or even know of it before it

2   was filed.  The remainder of Paragraph 24 contains argument and conclusions of law,

3   rather than statements of fact that require a response.  To the extent there are any other

4   factual allegations requiring a response, Stanford denies them.

5        25.     Answering Paragraph 25, Stanford admits the allegations in Paragraph 25.

6        26.     Answering Paragraph 26, Stanford admits that it is a private university

7   located in part in Stanford, California, that it is a place of education, and that it receives

8   federal and California financial assistance.  The remainder of Paragraph 26 contains

9   conclusions of law, rather than statements of fact that require a response.  To the extent

10  there are any other factual allegations requiring a response, Stanford denies them.

11       27.     Answering Paragraph 27, Plaintiffs' statement as to the words it will use to

12  refer to Defendant does not require a response.

13       28.     Answering Paragraph 28, Stanford admits the allegations therein for the

14  2017-2018 academic year.

15       29.     Answering Paragraph 29, Stanford objects to the use of the term "high rates"

16  without any basis of comparison or definition.  Stanford therefore lacks knowledge or

17  information sufficient to form a belief about the truth of the allegations in Paragraph 29,

18  and on that basis denies them.

19       30.     Answering Paragraph 30, Stanford admits the allegations therein.

20       31.     Answering Paragraph 31, Stanford admits the allegations therein.

21       32.     Answering Paragraph 32, Stanford admits that last year approximately 97%

22  of all Stanford undergraduates lived in University-provided housing, and housing and a

23  meal plan cost around $15,000 per year (not including summer).  About 64% of eligible

24  graduate students lived in University-provided housing.  Except as so admitted, denied.

25       33.     Answering Paragraph 33, Stanford admits the allegations therein.

26       34.     Answering Paragraph 34, Stanford avers that the "Dean's Leave of Absence

27  Policy" is the best record of its contents, rather than Plaintiffs' characterization of it.  The

28  remainder of Paragraph 34 contains argument, rather than statements of fact that require a

1    response.  To the extent there are any factual allegations requiring a response, Stanford

2    denies them.

3         35.        Answering Paragraph 35, Stanford avers that Stanford's housing policy

4    referenced therein is the best record of its contents rather than Plaintiffs' characterization of

5    it.  The remainder of Paragraph 35 contains argument, rather than statements of fact that

6    require a response.  To the extent there are any factual allegations requiring a response,

7    Stanford denies them.

8         36.        Answering Paragraph 36, Stanford denies the allegations therein.

9         37.        Answering Paragraph 37, Stanford denies the allegations therein.

10        38.        Answering Paragraph 38, Stanford denies the allegations therein.

11        39.        Answering Paragraph 39, Stanford denies the allegations therein.

12        40.        Answering Paragraph 40, the allegations contained therein are argument, to

13   which no response is required.  Stanford avers that it imposes certain administrative fees on

14   its students, including for scheduling changes and early termination of a housing contract,

15   and that such fees may be waived or reversed when there is good cause to do so.  To the

16   extent there are any other factual allegations requiring a response, Stanford denies them.

17        41.        Answering Paragraph 41, the allegations contained therein are argument and

18   conclusions of law to which no response is required.  Stanford avers that it has as its

19   paramount concern the safety and support of its students, including those students facing

20   mental health challenges, with whom it works on an individualized basis to address those

21   challenges.  Depending on the severity of the challenges and the potential for harm to the

22   students themselves and those around them, Stanford's response to students, including

23   when they seek to return from leave, can include requests for written statements, medical

24   information and/or treatment plans.  To the extent there are any other factual allegations

25   requiring a response, Stanford denies them.

26        42.        Answering Paragraph 42, the allegations contained therein are argument and

27   conclusions of law to which no response is required.  To the extent there are any factual

28   allegations requiring a response, Stanford denies them.

1      43.     Answering Paragraph 43, Stanford admits that Jacob is currently on a leave

2  of absence from Stanford.  Upon information and belief, Stanford denies that Jacob is

3  twenty years old.  The remaining allegations are argument and conclusions of law to which

4  no response is required.  To the extent there are any factual allegations requiring a

5  response, Stanford lacks knowledge or information sufficient to form a belief as to the truth

6  of them, and on that basis denies them.

7      44.     Answering Paragraph 44, Stanford admits that Jacob resided in Stanford,

8  California during certain academic quarters.  As to the remaining allegations, Stanford

9  lacks knowledge or information sufficient to form a belief as to the truth of them, and on

10  that basis denies them.

11      45.     Answering Paragraph 45, Stanford admits that Jacob enrolled at Stanford in

12  Fall Quarter 2016.  Stanford avers that Jacob's transcript is the best record of his grade

13  point average.  As to the remaining allegations, Stanford lacks knowledge or information

14  sufficient to form a belief as to whether Jacob is perceived as a "leader and contributor" in

15  student organizations, and on that basis denies those allegations.

16      46.     Answering Paragraph 46, Stanford admits, upon information and belief, that

17  around the second week of Winter Quarter 2018, Jacob reported suicidal ideation and asked

18  a friend to hold onto his medication.  Stanford lacks knowledge or information sufficient to

19  form a belief as to the truth of the remaining allegations, and on that basis denies them.

20      47.     Answering Paragraph 47, Stanford admits upon information and belief that

21  on February 20, 2018, Jacob reported suicidal intention while in his dorm room and

22  reached out to a friend for help.  Stanford lacks knowledge or information sufficient to

23  form a belief as to the truth of the remaining allegations in Paragraph 47, and on that basis

24  denies them.

25      48.     Answering Paragraph 48, Stanford admits that Jacob spoke with his

26  roommate, another friend, and his RA, and then walked with them to the Vaden Health

27  Center to speak with a treatment provider.  Stanford further admits that Jacob was placed

28  on an involuntary psychiatric hold at Stanford Hospital.  Stanford lacks knowledge or

1 information sufficient to form a belief as to the truth of the remaining allegations in

2 Paragraph 48, and on that basis denies them.

3   49.  Answering Paragraph 49, Stanford admits that Residence Dean John

4 Giammalva visited with Jacob at the hospital on February 20, 21 and 23, and also had

5 telephone calls with him.  Stanford admits that Giammalva expressed concern over the

6 impact Jacob's actions had on the Stanford community and the stress caring for Jacob had

7 placed on Jacob's friends and Stanford staff, and informed him that he may not be able to

8 return to his dorm if he returns to campus.  Except as so admitted, denied.

9   50.  Answering Paragraph 50, Stanford lacks knowledge or information

10 sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

11   51.  Answering Paragraph 51, Stanford lacks knowledge or information

12 sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

13   52.  Answering Paragraph 52, Stanford admits that, on February 26, while Jacob

14 was still in the hospital, he met with Leigh Thiedeman, a Residence Dean, who explained

15 that Jacob had been referred to the processes for a Dean's Leave of Absence and a housing

16 hold.  Stanford denies the remaining allegations in Paragraph 52.

17   53.  Answering Paragraph 53, upon information and belief Stanford admits the

18 allegations therein.  Stanford avers that Dean Thiedeman coordinated getting items Jacob

19 needed from his dorm room for him and arranging a time for Jacob to come to his room

20 with his parents to gather his belongings.

21   54.  Answering Paragraph 54, Stanford admits that Dean Giammalva sent Jacob

22 a letter dated March 5 that notified him that he had been placed on a housing hold, was

23 prohibited from entering Stanford residential areas, and referenced the Dean's Leave of

24 Absence Policy.  Stanford avers that the letter is the best record of its contents, rather than

25 Plaintiffs' characterization and paraphrasing of it.  Except as so admitted and averred,

26 denied.

27   55.  Answering Paragraph 55, Stanford avers that the letter is the best record of

28 its contents, rather than Plaintiffs' characterization and paraphrasing of it.  The remaining

1    allegations are argument and conclusions of law to which no response is required.  To the

2    extent there are any factual allegations requiring a response, Stanford denies them.

3          56.       Answering Paragraph 56, Stanford avers that it imposes certain

4    administrative fees on its students, including for scheduling changes and early termination

5    of a housing contract, and that such fees may be waived or reversed when there is good

6    cause to do so.  Stanford admits that Jacob was charged a $450 administrative fee for early

7    termination of a housing contract in Spring Quarter, which has now been reversed.

8          57.       Answering Paragraph 57, Stanford admits that Jacob and Residence Dean

9    Thiedeman communicated by email to schedule a phone call to discuss Jacob's housing

10    hold.  Stanford avers that its Residence Deans protect their confidential communications

11    with students and typically do not share such communications with other students or the

12    identities of the students who speak confidentially to them.  Stanford denies Plaintiff's

13    characterization of Thiedeman's communications with Jacob, including that she insisted he

14    likely harmed his friends.  Stanford lacks knowledge or information sufficient to form a

15    belief as to the truth of the remaining allegations in Paragraph 57 regarding Jacob's

16    recovery, and on that basis denies them.

17          58.       Answering Paragraph 58, Stanford denies that the letter chastised Jacob for

18    seeking support outside of formal university channels or for anything else.  The letter is the

19    best record of its contents rather than Plaintiffs' characterization of it.  Except as so

20    admitted, denied.

21          59.       Answering Paragraph 59, Stanford admits that Dean Griffith received a

22    letter about the events leading to Jacob's hospitalization and requesting that she reconsider

23    her decision.  Stanford lacks knowledge or information sufficient to form a belief as to the

24    truth of the remaining allegations in Paragraph 59, and on that basis denies them.

25          60.       Answering Paragraph 60, Stanford denies the allegations therein.

26          61.       Answering Paragraph 61, Stanford denies the allegations therein.

27          62.       Answering Paragraph 62, Stanford admits that Jacob submitted an appeal to

28    the leave of absence decision, but denies it was on March 28.  Stanford admits that, in the

1     appeal to the leave of absence, Jacob explained the progress he had made in treatment, his

2     belief that returning to his hometown in Utah could be more harmful to his mental health,

3     and his request to return with a reduced course load while simultaneously continuing

4     mental health treatment.  Stanford lacks knowledge or information sufficient to form a

5     belief as to the truth of the remaining allegations in Paragraph 62, and on that basis denies

6     them.

7          63.       Answering Paragraph 63, Stanford admits the allegations in Paragraph 63.

8          64.       Answering Paragraph 64, Stanford admits the allegations in Paragraph 64.

9          65.       Answering Paragraph 65, Stanford admits that Dean Griffith denied Jacob's

10    request to enroll in Spring Quarter because he was participating in a treatment program at

11    La Selva (a private, mental health treatment facility not affiliated with Stanford) three days

12    per week for most of the day, during the time when his classes were scheduled.  Though

13    Dean Griffith would have considered accommodating him by enrolling him in new classes,

14    the quarter was too far along for him to have been able to catch up.  Therefore, Jacob had to

15    take a leave of absence.  Stanford admits that Dean Griffith provided Jacob with a letter

16    regarding his leave of absence, which is the best record of its contents.  Except as so

17    admitted and averred, denied.

18         66.       Answering Paragraph 66, Stanford admits that Jacob was provided with a

19    letter that set forth the conditions for his return to residential housing.  Stanford avers that

20    the letter is the best record of its contents, rather than Plaintiff's characterization and

21    paraphrasing of it.  Except as so admitted, denied.

22         67.       Answering Paragraph 67, Stanford lacks knowledge or information

23    sufficient to form a belief as to the truth of Jacob's allegations describing his feelings and

24    perceptions, and on that basis denies them, but Stanford denies the characterization of its

25    actions in the allegations.

26         68.       Answering Paragraph 68, Stanford lacks knowledge or information

27    sufficient to form a belief as to the truth of Jacob's allegations describing his plans, feelings

28

1   and perceptions, and on that basis denies them, but Stanford denies the characterization of

2   its actions in the allegations.

3       69.     Answering Paragraph 69, Stanford lacks knowledge or information

4   sufficient to form a belief as to the truth of the allegations in Paragraph 69, and on that

5   basis denies them.

6       70.     Answering Paragraph 70, Stanford denies the allegations.

7       71.     Answering Paragraph 71, Stanford admits that Tina Y. is twenty-three years

8   old.  The remaining allegations in Paragraph 71 contain conclusions of law and/or opinion,

9   rather than statements of fact that require a response.  To the extent there are any other

10  factual allegations requiring a response, Stanford lacks knowledge or information sufficient

11  to form a belief about the truth of the allegation, and on that basis denies them.

12      72.     Answering Paragraph 72, Stanford admits that at the time the original

13  Complaint was filed in this case on May 17, 2018, Tina Y. was enrolled as a Stanford

14  student but on a Deferred Suspension for Academic Progress.  Stanford admits upon

15  information and belief that prior to her Deferred Suspension she had lived in Stanford,

16  California for certain academic quarters.  Stanford lacks knowledge or information

17  sufficient to form a belief about the truth of the remaining allegations and on that basis

18  denies them.

19      73.     Answering Paragraph 73, Stanford admits that Tina Y. enrolled at Stanford

20  in Fall Quarter 2013.  Stanford lacks knowledge or information sufficient to form a belief

21  about the truth of the remaining allegations as to whether Tina has been perceived as a

22  "leader" in in student organizations and on that basis denies them.

23      74.     Answering Paragraph 74, Stanford admits that in Fall Quarter 2013 it

24  received a report from a Resident Assistant ("RA") that Tina Y. reported to the RA that she

25  had been sexually assaulted by another student.  Stanford avers that its Title IX Office

26  followed up with Tina consistent with Stanford's process for handling such matters.

27  Stanford lacks knowledge or information sufficient to form a belief about the truth of the

28  remaining allegations, and on that basis denies them.

STANFORD'S ANSWER TO
AMENDED COMPLAINT
Case No. 5:18-cv-02895-NC

1        75.     Answering Paragraph 75, Stanford admits that in Spring Quarter 2014 it

2    received a report that Tina Y. had engaged in self-harm behaviors.  Stanford admits that in

3    April 2014, following the report, Residence Dean Justin Neiman emailed Tina several

4    times to request a meeting and that Dean Neiman stated in one of the emails that he had

5    tried to reach Tina by email and phone but had not heard back from her, that he was

6    concerned for her wellness, that it was important that they meet to check in so that he could

7    have confidence that she is able to continue to live in the residence halls, and that if he did

8    not hear back from her he would have to put a housing hold on her account until they met.

9    Stanford admits that Tina and Dean Neiman met and that Dean Neiman informed her that

10   he had received concerns from Stanford staff about her well-being and the impact she was

11   having on the community, and offered to be a resource for support and connect her to other

12   resources.  Stanford denies Plaintiffs' characterization of Dean Neiman's statements.

13   Stanford admits that Admit Weekend 2014 occurred in April 2014 but denies that Dean

14   Neiman asked Tina to avoid being seen by or interacting with admitted students.  Stanford

15   denies the remaining allegations in Paragraph 75.

16       76.     Answering Paragraph 76, Stanford admits that in fall 2014 Tina took a

17   voluntary leave of absence.  Stanford admits that Tina was a registered Stanford student

18   during Spring Quarter 2015 and Fall Quarter 2015.  Stanford lacks knowledge or

19   information sufficient to form a belief about the truth of the remaining allegations about her

20   motivation for the voluntary leave, her internship and whether Tina has been perceived as a

21   "mental health leader" on campus, and on that basis denies them.

22       77.     Answering Paragraph 77, Stanford admits that in Winter Quarter 2016 Tina

23   reported to Stanford that she had a concussion.  Stanford admits that in Spring Quarter

24   2016 it received a report that Tina had been hospitalized.  Stanford also admits that Tina

25   took a voluntary leave of absence from Stanford following her hospitalization.  Stanford

26   lacks knowledge or information sufficient to form a belief about the truth of the remaining

27   allegations, and on that basis denies them.

28       78.     Answering Paragraph 78, Stanford admits the allegations therein.

1    79.    Answering Paragraph 79, Stanford admits that it received reports that in July

2  of 2016 Tina attempted suicide by tying a belt to a window, putting the belt around her

3  neck, and kneeling to feel it tighten, and that following the incident Tina had asked her RA

4  to keep an eye out for her.  Tina emailed the members of her class, stating "I self harmed

5  and came close to attempting suicide.  I put a belt around my neck."  Stanford lacks

6  knowledge or information sufficient to form a belief about the truth of the remaining

7  allegations, and on that basis denies them.

8    80.    Answering Paragraph 80, Stanford admits that Trudy Meehan was the

9  Director for Stanford's Cape Town Overseas Studies Program.  Stanford admits that on

10  July 29, 2016 Meehan accompanied Tina to the emergency room of a hospital for an

11  emergency psychiatric consultation.  Stanford admits that the hospital staff recommended

12  that Tina and Meehan go to the Akeso Psychiatric Clinic to see an on-call psychiatrist, and

13  that they did so.  Stanford avers that, after Tina spoke with the on-call doctor, Tina gave the

14  doctor permission to speak with Meehan separately, and that Meehan did so.  Except as so

15  admitted and averred, Stanford denies the allegations of Paragraph 80.

16    81.    Answering Paragraph 81, Stanford admits that Trudy Meehan was the

17  Director for Stanford's Cape Town Overseas Studies Program.  Stanford avers that Clinic

18  staff told Meehan that, if Tina went back to the program's residence, she would need

19  parental style supervision, including checks at night by a responsible adult and close

20  monitoring, and that Tina's safety could not be guaranteed because she is impulsive and

21  there is ongoing risk.  Stanford admits that Meehan asked Tina to stay at the hospital

22  voluntarily because of her need to be in a safe space with medical supports and the inability

23  of the small overseas program to provide the levels of monitoring that the doctor

24  recommended.  Tina initially refused to do so, but then did so.  Stanford denies that

25  Meehan told Tina that if she refused to spend the night at the hospital she would be eligible

26  for removal from the program.

27    82.    Answering Paragraph 82, Stanford avers that Tina continued to be in the

28  Clinic at the recommendation of her doctor, who Stanford is informed and believes

1    suggested that she either return to the United States or stay in the clinic and take day leave

2    to attend class.  Meehan and Tina spoke about this, and Meehan said that Tina could leave

3    the Clinic to attend class if approved by her medical team.  Stanford denies that Meehan

4    informed Tina that she would remain in the clinic "indefinitely" while Meehan and "home

5    campus" "determined what to do with her."  Stanford denies that Meehan told Tina that if

6    she refused continued in-patient care, she would be automatically removed from the

7    overseas studies program.

8          83.     Answering Paragraph 83, Stanford admits that August 3, 2016 was Tina's

9    fifth day in residential treatment.  Stanford admits that on that date Dean of Students Chris

10   Griffith and Residence Dean Leigh Thiedeman informed Tina in a telephone call that they

11   were placing her on a Dean's Leave of Absence.  Stanford denies that they told Tina she

12   would need to participate in a thirty-day therapy treatment program as a condition of

13   readmission.

14         84.     Answering Paragraph 84, Stanford admits that Griffith and Thiedeman

15   informed Tina that her needs exceeded the resources the small overseas program in South

16   Africa could provide and that they were concerned about the impact on the community.

17   Except as so admitted, denied.

18         85.     Answering Paragraph 85, Stanford lacks knowledge or information

19   sufficient to form a belief about the truth of the allegations regarding what, if anything,

20   Tina's psychiatrist told her, and on that basis denies them.  However, it is Stanford's

21   information and belief that Tina was at all times a voluntary patient who was to be

22   discharged from the hospital regardless of the follow up treatment, and that her

23   psychiatrists recommended different options for follow up care, including returning to the

24   U.S. for care with providers who had treated her before, a three-week program in South

25   Africa, and less intensive outpatient care in South Africa.

26         86.     Answering Paragraph 86, Stanford lacks knowledge or information

27   sufficient to form a belief about the truth of the allegations in Paragraph 86, and on that

28   basis denies them.

1        87.     Answering Paragraph 87, Stanford lacks knowledge or information

2  sufficient to form a belief about the truth of the allegations in Paragraph 87, and on that

3  basis denies them.

4        88.     Answering Paragraph 88, Stanford denies the allegations therein.  Stanford

5  made every effort to accommodate Tina and devoted significant resources to supporting

6  her, including immediately arranging for her to have a WiFi connection in the hospital so

7  that she could access the internet, stay connected, and continue her academic work;

8  discussing the possibility of attending class during the day while remaining a resident in the

9  hospital; assisting her with insurance coverage issues for her medical care; flying out a

10  Stanford administrator to help provide support; and requesting extensions and leniency

11  from her professors and supervisors.

12        89.     Answering Paragraph 89, Stanford admits the allegations in Paragraph 89.

13        90.     Answering Paragraph 90, Stanford admits that the panel of administrators

14  was concerned about the impact that Tina's actions had on the small community of the

15  Cape Town overseas program but denies Plaintiffs' characterization of the meeting.

16  Stanford lacks knowledge or information sufficient to form a belief about the truth of the

17  remaining allegations in Paragraph 90 regarding Tina's perceptions, and on that basis

18  denies them.

19        91.     Answering Paragraph 91, Stanford admits that students sent a letter in

20  support of Tina to Stanford.  The letter itself is the best record of its content, rather than

21  Plaintiffs' paraphrasing of it.  Except as so admitted, denied.

22        92.     Answering Paragraph 92, Stanford admits that a panel of Stanford

23  administrators granted Tina's appeal of her placement on a Dean's Leave of Absence.

24  Stanford admits that she returned to the overseas program residence on August 12, 2016.

25  Stanford admits that her return to the program was conditioned upon her agreement to

26  follow the on-going treatment recommendations of her psychiatrist, which included twice

27  weekly meetings with her therapist and weekly meetings with her psychiatrist for the

28  remainder of the program.  Stanford lacks knowledge or information sufficient to form a

1  belief about the truth of the remaining allegations in Paragraph 92, and on that basis denies

2  them.

3       93.      Answering Paragraph 93, Stanford lacks knowledge or information

4  sufficient to form a belief about the truth of the allegations about Tina's symptoms and the

5  causes and manifestations of them, and on that basis denies them.

6       94.      Answering Paragraph 94, Stanford lacks knowledge or information

7  sufficient to form a belief about the truth of the allegations regarding what Tina "felt" or

8  perceived, and on that basis denies them.  Stanford admits that, while in Cape Town, Tina

9  was thousands of miles away from her home.  Stanford denies the remaining allegations in

10  Paragraph 94.

11      95.      Answering Paragraph 95, Stanford admits that students who call Stanford's

12  mental health crisis line are asked for their student identification number, but denies that

13  they are required to provide it or to identify themselves.  Stanford avers that, when the

14  student's identity is known, CAPS is notified so that CAPS can update the student's

15  records and follow up with the student as needed.  Stanford lacks knowledge or information

16  sufficient to form a belief about the remaining allegations in Paragraph 95 regarding the

17  actions that Tina has chosen to take or not take or the reasons therefor, and on that basis

18  denies them.

19      96.      Answering Paragraph 96, the allegations contained therein are argument and

20  conclusions of law to which no response is required. To the extent any additional response

21  is required, Stanford denies the allegations in Paragraph 96.

22      97.      Answering Paragraph 97, Stanford admits that Plaintiff Erik X. is twenty-

23  four years old.  Stanford admits that Erik is a current student who has resided in Stanford,

24  California during certain academic quarters.

25      98.      Answering Paragraph 98, Stanford admits that Erik first enrolled at Stanford

26  in Fall 2012.  Stanford lacks knowledge or information sufficient to form a belief about the

27  truth of the remaining allegations as to whether Erik has been perceived as a "leader" in

28  several student organizations and on that basis denies them.  Stanford avers that Erik's

1    transcript is the best record of his grade point average.  Stanford admits that Erik

2    matriculated into the co-terminal master's program in Spring 2016-2017 and was eligible to

3    enroll in the program as of Fall Quarter 2018.

4         99.     Answering Paragraph 99, Stanford lacks knowledge or information

5    sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

6         100.    Answering Paragraph 100, Stanford admits on information and belief that on

7    January 25, 2013, Erik was hospitalized at Stanford Hospital after attempting suicide.

8         101.    Answering Paragraph 101, Stanford lacks knowledge or information

9    sufficient to form a belief as to the truth of the allegation that Residence Dean Carolus

10   Brown sent Erik a text message within 24-hours of his admission, and on that basis denies

11   the allegation.  Stanford admits that at some point Dean Brown communicated to Erik that

12   he wished Erik would have responded to Dean Brown's prior attempts to connect with him,

13   and that his community was concerned for his welfare, but denies ever stating that if Erik

14   has met with him this "incident" would not have happened or that everyone in Erik's dorm

15   was talking about him.

16        102.    Answering Paragraph 102, Stanford lacks knowledge or information

17   sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

18        103.    Answering Paragraph 103, Stanford admits that Dean Giammalva visited

19   Erik while he was in the hospital, and during one of these visits, on or around February 1,

20   2013, Dean Giammalva explained that Erik would be placed on a housing hold through the

21   summer and referred to the Dean's Leave of Absence process.  Erik informed Dean

22   Giammalva that Erik intended to take a voluntary leave of absence.  Dean Giammalva

23   explained that while on a leave of absence Erik could not return to campus or take part in

24   school or residential activities.  Erik asked what would happen if he returned to campus,

25   and Dean Giammalva explained that it could represent a violation and would be handled

26   through the Dean of Students office.  Stanford admits that Dean Giammalva may have

27   requested a release from the student so that Residential Education staff could communicate

28   with Erik's medical providers, if necessary, which sometimes occurs when students are

1   hospitalized.  Except as so admitted and averred, Stanford denies the allegations in

2   Paragraph 103.

3         104.    Answering Paragraph 104, Stanford denies that Dean Giammalva coerced

4   Erik into signing any document.  Stanford admits that Erik voluntarily completed a leave of

5   absence form on or around February 7, 2013.  Stanford denies that Dean Giammalva told

6   Erik that he had not yet been released from the hospital because of his failure to cooperate

7   and sign the form, and that it would be near impossible to return to Stanford without filling

8   out the form.  Stanford avers that its Residential Education staff have no control over a

9   student's medical care, including release from a hospital.

10         105.    Answering Paragraph 105, Stanford is informed and believes that Erik

11   remained at Stanford Hospital until February 8, when he was discharged to La Selva (a

12   private, mental health treatment facility not affiliated with Stanford).  Stanford lacks

13   knowledge or information sufficient to form a belief as to the truth of the allegation

14   regarding the length of time Erik was in residential treatment, and on that basis denies it.

15         106.    Answering Paragraph 106, Stanford admits that Resident Dean Carolus

16   Brown emailed Erik a letter on February 19, 2013.  Stanford avers that the letter is the best

17   record of its contents rather than Plaintiffs' characterization and paraphrasing of it.  The

18   remainder of Paragraph 106 contains argument, rather than statements of fact that require a

19   response.  To the extent there are any factual allegations requiring a response, Stanford

20   denies them.

21         107.    Answering Paragraph 107, Stanford lacks knowledge or information

22   sufficient to form a belief as to the truth of the allegation regarding what Erik wanted, and

23   on that basis denies it.  Stanford denies that the Residence Deans discouraged Erik from

24   appealing the decision.

25         108.    Answering Paragraph 108, Stanford avers that it imposes certain

26   administrative fees on its students, including for scheduling changes and early termination

27   of a housing contract, and that such fees may be waived or reversed when there is good

28

1   cause to do so.  Stanford admits that Erik was charged an administrative fee for early

2   termination of a housing contract, and did not receive a request for reversal of the charge.

3          109.    Answering Paragraph 109, Stanford denies the allegations in Paragraph 109.

4          110.    Answering Paragraph 110, Stanford admits that Erik returned to campus in

5   Fall Quarter 2014, and that Stanford described to Erik the requirements and conditions of

6   his re-enrollment and return to on-campus housing by letter and email, as well as in

7   conversation.  Stanford avers that the letters and emails are the best records of their

8   contents rather than Plaintiffs paraphrasing and characterization of them.

9          111.    Answering Paragraph 111, Stanford admits that it asked Erik to provide a

10  letter from his treating clinician regarding his readiness to return to Stanford and to sign a

11  Release of Information form to allow consultation between his treatment provider and

12  Stanford's student counseling center in advance of his return, and that these requests were

13  communicated to Erik through calls or emails.  Stanford admits that it communicated with

14  Erik about his return over email and through telephone or Skype calls, but denies the

15  implication that it required Erik to coordinate and participate in "numerous meetings" in

16  advance of his return.  Stanford denies that it determined what mental health treatment Erik

17  should have.  Stanford consults the student's mental health providers as to what is the best

18  treatment for the student.  Stanford lacks knowledge or information sufficient to form a

19  belief about the truth of the allegations as to Erik's transportation to off-campus mental

20  health treatment, and on that basis denies them.  The allegations contained in the remainder

21  of Paragraph 111 are argument and conclusions of law to which no response is required.

22  To the extent there are any other factual allegations that require a response, Stanford denies

23  them.

24        112.    Answering Paragraph 112, the allegations contained therein are argument

25  and conclusions of law to which no response is required.  Stanford denies the

26  characterization of its actions, including that it imposed any "onerous" conditions on Erik's

27  return or that its actions were intended to punish Erik  To the extent any additional

28

STANFORD'S ANSWER TO
AMENDED COMPLAINT
Case No. 5:18-cv-02895-NC

1    response is required, Stanford lacks knowledge or information sufficient to form a belief

2    about the truth of the allegations as to how Erik. X. "feels", and on that basis denies them.

3         113.    Answering Paragraph 113, Stanford lacks knowledge or information

4    sufficient to form a belief about the truth of the allegations as to what Erik would or would

5    not do, and on that basis denies them.

6         114.    Answering Paragraph 114, Stanford lacks knowledge or information

7    sufficient to form a belief about the truth of the allegations regarding what Erik knows, and

8    on that basis denies them.

9         115.    Answering Paragraph 115, the allegations contained therein are argument

10   and conclusions of law to which no response is required. To the extent there are any factual

11   allegations requiring a response, Stanford denies them.

12        116.    Answering Paragraph 116, Stanford admits that Harrison is nineteen years

13   old and is currently on a leave of absence from Stanford. The remaining allegations in

14   Paragraph 116 are argument and conclusions of law to which no response is required. To

15   the extent there are any factual allegations requiring a response, Stanford lacks sufficient

16   information or belief to respond to the remaining allegations in Paragraph 116 and on that

17   basis denies them.

18        117.    Answering Paragraph 117, Stanford admits that Harrison first enrolled at

19   Stanford in September 2017 and initially lived in Stanford, California during the 2017-2018

20   academic year. Stanford lacks sufficient information or belief as to whether Harrison

21   currently resides in Beaumont, Texas, and on that basis denies the remaining allegations.

22        118.    Answering Paragraph 118, Stanford lacks knowledge or information

23   sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

24        119.    Answering Paragraph 119, Stanford admits on information and belief that

25   Harrison experienced suicidal ideation with a specific plan to carry it out in October 2017

26   and was admitted to Stanford Hospital.  Stanford lacks knowledge or information sufficient

27   to form a belief as to the truth of the remaining allegations, and on that basis denies them.

28

1        120.    Answering Paragraph 120, Stanford admits on information and belief that

2  Harrison was discharged from Stanford Hospital four days later to outpatient treatment at

3  La Selva (a private mental health treatment facility not affiliated with Stanford).  Stanford

4  lacks knowledge or information sufficient to form a belief as to the truth of the remaining

5  allegations, and on that basis denies them.

6        121.    Answering Paragraph 121, Stanford lacks knowledge or information

7  sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

8        122.    Answering Paragraph 122, Stanford admits on information and belief that

9  around that time CAPS was notified about Harrison's condition and that Harrison was

10  taken to Stanford Hospital, where he was admitted due to suicidal ideation with a plan as to

11  how to carry it out.  Stanford lacks knowledge or information sufficient to form a belief as

12  to the truth of the remaining allegations in Paragraph 122, and on that basis denies them.

13        123.    Answering Paragraph 123, Stanford admits that Residence Dean Carolus

14  Brown visited Harrison when he was in the hospital and informed him that he would be

15  referred to the Dean's Leave of Absence process.  Stanford admits that Harrison informed

16  Dean Brown that Harrison had been on the wrong medication and did not think it was good

17  for him to return home.  Except as so admitted, denied.

18        124.    Answering Paragraph 124, Stanford admits that Dean Brown recalls having

19  a conversation as to who would make the decision as to whether Harrison would be placed

20  on a Dean's Leave of Absence and that it was not Dean Brown.  Stanford denies that Dean

21  Brown never provided Harrison with an update.  Except as so admitted, denied.

22        125.    Answering Paragraph 125, Stanford admits that Harrison had not yet signed

23  the leave of absence form at the hospital meeting to discuss Harrison's discharge options

24  that was attended by Harrison, Harrison's family, Harrison's medical provider, Dean

25  Brown, and Ms. Clarke.  Except as so admitted, Stanford denies the remaining allegations

26  in Paragraph 125.

27        126.    Answering Paragraph 126, Stanford lacks knowledge or information

28  sufficient to form a belief as to the truth of the allegations regarding what Harrison wanted,

STANFORD'S ANSWER TO
AMENDED COMPLAINT
Case No. 5:18-cv-02895-NC

1   knew, or perceived, and on that basis denies them.  Except as so admitted, denied.  Stanford

2   did not communicate to Harrison that he had to take a leave of absence in order to be

3   discharged from the hospital.

4          127.    Answering Paragraph 127, Stanford denies the allegations therein.

5          128.    Answering Paragraph 128, Stanford admits that Harrison was discharged

6   from the hospital on November 13 and that Stanford arranged for him to spend the night

7   with his parents in Stanford's visiting-family housing.

8          129.    Answering Paragraph 129, Stanford admits on information and belief the

9   allegations therein.

10         130.    Answering Paragraph 130, Stanford lacks knowledge or information

11   sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

12         131.    Answering Paragraph 131, Plaintiffs have not identified the date of the letter

13   they reference.  Stanford avers that Dean of Students Chris Griffith's letter to Harrison is

14   the best record of its contents rather than Plaintiffs' paraphrasing parts of it.  Except as so

15   admitted, denied.

16         132.    Answering the first sentence of Paragraph 132, Plaintiffs have not identified

17   the date of the letter they reference.  Stanford avers that Dean Griffith's letter to Harrison is

18   the best record of its contents rather than Plaintiffs' paraphrasing parts of it.  Except as so

19   admitted, denied as to the first sentence.  As to the remaining sentences, Stanford lacks

20   knowledge or information sufficient to form a belief as the truth of the allegations

21   regarding Harrison's feelings, and on that basis denies them.  Stanford denies Plaintiff's

22   characterization of Stanford's actions.  The remaining allegations contained in Paragraph

23   132 are argument and conclusions of law to which no response is required.  To the extent

24   there are other factual allegations requiring a response, Stanford denies them.

25         133.    Answering Paragraph 133, Stanford avers that Associate Dean Edith Wu's

26   email referenced therein without any date is the best record of its contents.  Except as so

27   admitted, denied.

28

1        134.    Answering Paragraph 134, Stanford lacks information or belief sufficient to

2  form a belief about the allegations regarding Harrison's experiences, plans, or perceptions,

3  and on that basis denies them.  Stanford avers that Harrison provided a plan to engage in

4  treatment upon his return and denies that Stanford dictated that plan, and further denies

5  Plaintiffs' characterization of the consequences of reaching out to campus resources.

6        135.    Answering Paragraph 135, the allegations contained therein are argument

7  and conclusions of law to which no response is required.  To the extent there are any

8  factual allegations requiring a response, Stanford denies them.

9        136.    Answering Paragraph 136, Stanford admits that Plaintiff Rose A. is nineteen

10  years old and that she is currently on a leave of absence from Stanford.  To the extent there

11  are any factual allegations requiring a response, Stanford lacks knowledge or information

12  sufficient to form a belief as to the truth of them, and on that basis denies them.

13        137.    Answering Paragraph 137, Stanford admits that Rose first enrolled at

14  Stanford in September 2017 and initially lived in Stanford, California during the 2017-2018

15  academic year.  Stanford lacks knowledge or information sufficient to form a belief as to

16  the truth of the remaining allegation in Paragraph 137 regarding where Rose currently

17  resides, and on that basis denies it.

18        138.    Answering Paragraph 138, Stanford lacks knowledge or information

19  sufficient to form a belief as to the truth of the allegations in Paragraph 138, and on that

20  basis denies them.

21        139.    Answering Paragraph 139, Stanford admits on information and belief that in

22  Fall Quarter 2017, Rose experienced suicidal ideation.  Stanford lacks knowledge or

23  information sufficient to form a belief as to the truth of the remaining allegations in

24  Paragraph 139, and on that basis denies them.

25        140.    Answering Paragraph 140, Stanford admits on information and belief that

26  Rose called CAPS and participated in a brief intake interview, after which CAPS sent her a

27  message on October 10 through Vaden Health Center with referrals for off-campus

28

1  providers.  Stanford lacks knowledge or information sufficient to form a belief as to the

2  truth of the remaining allegations in Paragraph 140, and on that basis denies them.

3      141.    Answering Paragraph 141, Stanford admits on information and belief that on

4  October 20, 2017, Rose experienced suicidal ideation, informed her RA, and was

5  voluntarily transported to Stanford Hospital.  Except as so admitted, denied.

6      142.    Answering Paragraph 142, Stanford lacks knowledge or information

7  sufficient to form a belief as to the truth of the allegations in Paragraph 142, and on that

8  basis denies them,

9      143.    Answering Paragraph 143, Stanford admits on information and belief that on

10  or around October 21, 2017, Rose was transferred to San Jose Behavioral Health Hospital

11  because Stanford Hospital did not have beds available.  Except as so admitted, denied.

12      144.    Answering Paragraph 144, Stanford denies that on October 22 Residence

13  Dean Brown told Rose that she would have to leave school for a year.  Stanford admits that

14  Residence Dean Carolus Brown informed Rose that she was being referred to the Dean's

15  Leave of Absence process.  Stanford denies the remaining allegations in Paragraph 144.

16      145.    Answering Paragraph 145, Stanford admits that Rose cried during her

17  conversation with Dean Brown.  Stanford admits that Dean Brown informed Rose that the

18  residents of her dorm had been worried about her.  Stanford lacks knowledge or

19  information sufficient to form a belief as to the truth of the remaining allegations in

20  Paragraph 145 regarding Rose's feelings, and on that basis denies them.  Except as so

21  admitted, denied.

22      146.    Answering Paragraph 146, Stanford denies the allegations therein.

23      147.    Answering Paragraph 147, Stanford avers that Dean Brown does not recall

24  Rose begging him to let her stay enrolled.  Rose may have offered to reduce her course

25  load and engage in therapy.  Stanford lacks knowledge or information sufficient to form a

26  belief as to the truth of the allegation in Paragraph 147 regarding what Rose was willing to

27  do, and on that basis denies it.  Except as so admitted, denied.

28      148.    Answering Paragraph 148, Stanford denies the allegations in Paragraph 148.

1       149.    Answering Paragraph 149, Stanford admits that Dean Brown informed Rose

2    that she could not return to her residence while on a housing hold; however he arranged for

3    her parents to collect her belongings and for Rose to have an opportunity to return to

4    campus to say goodbye to other students.  Except as so admitted, denied.

5       150.    Answering Paragraph 150 Stanford lacks knowledge or information

6    sufficient to form a belief as to the truth of the allegations in Paragraph 150, and on that

7    basis denies them, and denies Plaintiffs' characterization that Rose had to stay in the

8    hospital if she could not return to her student housing due to anything required by Stanford.

9       151.    Answering Paragraph 151, Stanford lacks knowledge or information

10    sufficient to form a belief as to the truth of the allegations in Paragraph 151, and on that

11    basis denies them.  Stanford avers that the alleged document referenced in Paragraph 151 is

12    the best record of its contents, rather than Plaintiffs' characterization of it.

13       152.    Answering Paragraph 152, Stanford admits on information and belief that

14    Rose remained at San Jose Behavioral Health until October 31, at which point she was

15    discharged.

16       153.    Answering Paragraph 153, Dean Brown recalls having several contacts with

17    Rose but does not recall this particular telephone call or ever making statements like those

18    described.  Except as so admitted, denied.

19       154.    Answering Paragraph 154, Stanford lacks knowledge or information

20    sufficient to form a belief about the truth of the allegations regarding Rose's feelings and

21    emotions and her communications with her friends, and on that basis denies them.

22    Stanford denies the remaining allegations in Paragraph 154, including Plaintiffs

23    characterization of Brown's communications with Rose as an "accusation that Rose had

24    harmed others around her."

25       155.    Answering Paragraph 155, Stanford admits on information and belief that

26    Rose completed her leave of absence paperwork on November 2, 2017.  Stanford lacks

27    knowledge or information sufficient to form a belief about the truth of the remaining

28    allegations in Paragraph 155 regarding what Rose believed, and on that basis denies them.

1        156.    Answering Paragraph 156, Stanford admits that Dean of Students Chris

2    Griffith sent Rose an email regarding Rose's leave of absence.  Stanford avers that Dean

3    Griffith's email is the best record of its contents, rather than Plaintiffs' characterization and

4    paraphrasing of it. Stanford admits that Rose had reached out to CAPS before voluntarily

5    admitting herself to Stanford Hospital.  Stanford lacks knowledge or information sufficient

6    to form a belief about the truth of the remaining allegations in Paragraph 156, and on that

7    basis denies them.

8        157.    Answering Paragraph 157, Stanford admits that Rose's parents packed her

9    belongings in her dorm room and that Dean Brown supervised a half-hour visit to her dorm

10   mates to say farewell.  Except as so admitted, denied.

11       158.    Answering Paragraph 158, Stanford lacks knowledge or information

12   sufficient to form a belief about the truth of the allegations in Paragraph 158, and on that

13   basis denies them.

14       159.    Answering Paragraph 159, Plaintiffs did not give dates for the referenced

15   communications.  Stanford avers that emails from Dean Griffith and Tanisha Clarke are the

16   best records of their contents, rather than Plaintiffs' characterization and paraphrasing of

17   them.  Except as so admitted, denied.

18       160.    Answering Paragraph 160, Stanford admits that Dean Brown initially

19   requested that Rose provide a statement for Residential Education to consider when

20   determining whether to lift her housing hold.  Plaintiffs did not identify the date of the

21   referenced email.  Stanford avers that Dean Brown's email is the best record of its contents,

22   rather than Plaintiffs' characterization and paraphrasing of it.  Except as so admitted,

23   denied.

24       161.    Answering Paragraph 161, Stanford admits that Dean Brown emailed Rose

25   on May 18 regarding her submission. Stanford avers that Dean Brown's email is the best

26   record of its contents, rather than Plaintiffs' characterization and paraphrasing of it.  Except

27   as so admitted, denied

28

1    162.    Answering Paragraph 162, Stanford avers that Dean Griffith sent Rose an

2    email on those subjects on May 25, which is the best record of its contents, rather than

3    Plaintiffs' characterization of it.  Except as so admitted, denied.

4    163.    Answering Paragraph 163, Stanford lacks knowledge or information

5    sufficient to form a belief as to the truth of the remaining allegations in Paragraph 163, and

6    on that basis denies them.

7    164.    Answering Paragraph 164, Stanford denies Plaintiffs' characterizations of its

8    actions.  Stanford lacks knowledge or information sufficient to form a belief as to the truth

9    of the remaining allegations regarding Rose's feelings, perceptions and interactions with

10   her psychiatrist, and on that basis denies them.

11   165.    Answering Paragraph 165, Stanford denies Plaintiffs' characterizations of its

12   actions.  Stanford lacks knowledge or information sufficient to form a belief as to the truth

13   of the other allegations in Paragraph 165, and on that basis denies them.

14   166.    Answering Paragraph 166, the allegations contained therein are argument

15   and conclusions of law to which no response is required. To the extent there are any factual

16   allegations requiring a response, Stanford denies them.

17   167.    Answering Paragraph 167, Stanford admits that Sofia is twenty-one years

18   old and currently enrolled as a Stanford student. The remaining allegations in Paragraph

19   167 are argument and conclusions of law to which no response is required. To the extent

20   there are any other factual allegations requiring a response, Stanford lacks sufficient

21   information or belief to respond to them, and on that basis denies the remaining allegations.

22   168.    Answering Paragraph 168, Stanford admits that Sofia first enrolled at

23   Stanford in Fall Quarter 2015.  Stanford lacks sufficient information or belief to respond to

24   the remainder of Paragraph 168 regarding Sofia's founding and involvement with

25   extracurricular organizations, research, and internships, and on that basis denies the

26   remaining allegations.

27   169.    Answering Paragraph 169, Stanford admits, on information and belief, that

28   in early December 2015 Sofia spoke with Resident Fellows Alana Connor and Howard

1    Rose, and voluntarily admitted herself to Stanford Hospital on December 6, 2015, where

2    she remained until December 9, 2015.  Except as so admitted, denied.

3         170.    Answering Paragraph 170, Stanford admits that Dean of Students Chris

4    Griffith met with Sofia in the hospital and informed her that she was being referred to the

5    Dean's Leave of Absence process.  Stanford denies that Dean Griffith told Sofia that she

6    had placed too much stress on staff and had been disruptive to other students.  Dean

7    Griffith does not recall the statements attributed to Sofia in Paragraph 170.  Except as

8    admitted, denied.

9         171.    Answering Paragraph 171, the allegations contained therein are argument

10   and conclusions of law to which no response is required. To the extent there are any factual

11   allegations requiring a response, Stanford denies them.

12        172.    Answering Paragraph 172, Stanford lacks knowledge or information

13   sufficient to form a belief as to the truth of the allegations regarding what Sofia wanted and

14   decided, and on that basis denies them.

15        173.    Answering Paragraph 173, Stanford avers that it imposes certain

16   administrative fees on its students, including for scheduling changes and early termination

17   of a housing contract, and that such fees may be waived or reversed when there is good

18   cause to do so.  Stanford admits that Sofia's belongings were removed from her dormitory

19   and that she was charged a $350 administrative fee for early termination of a housing

20   contract, and has not received a request for the charge to be reversed.  Except as so

21   admitted, denied.

22        174.    Answering Paragraph 174, Stanford lacks knowledge or information

23   sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

24        175.    Answering Paragraph 175, Stanford admits that a Stanford administrator

25   told Sofia that overnight visits while on a Dean's Leave are prohibited.  Answering the

26   remainder of Paragraph 175, Stanford lacks knowledge or information sufficient to form a

27   belief as to the truth of the allegations, and on that basis denies them.

28

1  176.   Answering Paragraph 176, Stanford admits that Sofia returned to campus in

2  Spring Quarter 2016.  Stanford admits that Dean Griffith spoke with her over the phone

3  regarding the process for re-enrollment and return to on-campus housing, but she denies

4  making the specific statements attributed to her.  Answering the remainder of Paragraph

5  176, the allegations contained therein are argument and conclusions of law to which no

6  response is required.  To the extent there are any other factual allegations requiring

7  response, Stanford lacks knowledge or information sufficient to form a belief as to the truth

8  of the allegations, and on that basis denies them.  Except as so admitted, denied.

9  177.   Answering Paragraph 177, Stanford admits that, in keeping with department

10  policy, Sofia was not permitted to make up the final exams that had been proctored while

11  she was in the hospital until the next time that those exams were given.  Sofia was allowed

12  to take incompletes and take the exams the next time they were offered after her return.

13  Stanford lacks information and knowledge sufficient to form a belief as to the truth of the

14  allegations about Rose's grades, and on that basis denies them.  Except as so admitted,

15  denied.

16  178.   Answering Paragraph 178, Stanford lacks knowledge or information

17  sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

18  179.   Answering Paragraph 179, Stanford lacks knowledge or information

19  sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

20  180.   Answering Paragraph 180, Stanford lacks knowledge or information

21  sufficient to form a belief as to the truth of the allegations regarding Sofia's feelings and

22  perceptions, and on that basis denies them.  The remaining allegations are argument and

23  conclusions of law to which no response is required.  To the extent there are any factual

24  allegations that require response, Stanford denies them.

25  181.   Answering Paragraph 181, Stanford lacks knowledge or information

26  sufficient to form a belief as to the truth of the allegations regarding Sofia's feelings, her

27  staying quiet, her visits to CAPS, and her comments to students, and on that basis denies

28  them.  Stanford denies that Sofia has not had contact with Dean Griffith and Residence

STANFORD'S ANSWER TO
AMENDED COMPLAINT
Case No. 5:18-cv-02895-NC

1    Deans since her leave started.  The remaining allegations are argument and conclusions of

2    law to which no response is required.  To the extent there are other factual allegations

3    requiring response, Stanford denies them.

4            182.    Answering Paragraph 182, the allegations contained therein are argument

5    and legal conclusions to which no response is required.  To the extent there are factual

6    allegations requiring response, Stanford denies them.

7            183.    Answering Paragraph 183, Stanford admits that Erica is twenty years old, is

8    currently enrolled as a Stanford student, and has lived in Stanford, California during the

9    2017-2018 academic year.  Stanford lacks knowledge or information sufficient to form a

10   belief as to the truth of the remaining allegations, and on that basis denies them.

11           184.    Answering Paragraph 184, Stanford lacks knowledge or information

12   sufficient to form a belief as to the truth of the allegations regarding Sofia's contributions

13   to student organizations, and on that basis denies them.  Stanford avers that Sofia's

14   transcript is the best record of her grade point of average.  Except as so admitted, denied.

15           185.    Answering Paragraph 185, Stanford admits on information and belief that,

16   on February 7, 2017, during Winter Quarter, Erica was hospitalized at Langley Porter

17   Psychiatric Hospital after attempting suicide in San Francisco.

18           186.    Answering Paragraph 186, Stanford lacks knowledge or information

19   sufficient to form a belief as to the truth of the allegations contained in Paragraph 186, and

20   on that basis denies them.

21           187.    Answering Paragraph 187, Stanford admits on information and belief that,

22   on February 12, 2017, Langley Porter discharged Erica and she thereafter returned to

23   Stanford.

24           188.    Answering Paragraph 188, Stanford admits that Residence Dean Leigh

25   Thiedeman met with Erica and her mother on February 13 at Thiedeman's request.

26   Stanford admits that Dean Thiedeman explained that Erica could not stay in the residence

27   halls until the Residential Education department had made an assessment as to what had

28   happened the prior week, but Erica was unwilling to provide details of what had happened.

1  Dean Thiedeman explained that Erica should release the records of her hospitalization to

2  CAPS.  Except as so admitted, denied.

3      189.    Answering Paragraph 189, Stanford admits that it provided Erica and her

4  mother with a guest room at Lasuen, which provides alternative interim housing for

5  students for a variety of reasons.  Except as so admitted, denied.

6      190.    Answering Paragraph 190, Stanford admits that Erica remained at Lasuen

7  until her medical records arrived.  The day they arrived, Erica met with the group

8  described, but the comments attributed to the psychiatrist were not made.  Except as so

9  admitted, denied.

10      191.    Answering Paragraph 191, Stanford admits on information and belief that on

11  February 17, 2017, Erica admitted herself to inpatient treatment at Stanford Hospital.

12  Stanford does not have knowledge or information sufficient to form a belief as to the truth

13  of the remaining allegation in Paragraph 191 regarding Erica's diagnosis, and on that basis

14  denies them.

15      192.    Answering Paragraph 192, Stanford admits that on February 21 Thiedeman

16  visited Erica at the hospital and told her she was being referred to the Dean's Leave of

17  Absence process, though Stanford denies that she was told that she was being placed on a

18  leave of absence.  Erica appeared to be upset with this news.  Stanford lacks knowledge

19  and information sufficient to form a belief as to the truth of the remaining allegations, and

20  on that basis denies them.

21      193.    Answering Paragraph 193, Plaintiffs have not provided a date for the

22  hospital visit or the letter.  Stanford avers that the letter about the Dean's Leave of Absence

23  process is the best record of its contents, rather than Plaintiffs' characterization and

24  paraphrasing of it.  The remaining allegations are argument and conclusions of law to

25  which no response is required.  To the extent there are any other factual allegations

26  requiring response, Stanford denies them.

27      194.    Answering Paragraph 194, Stanford admits that Dean Griffith brought a

28  leave of absence form, which Erica signed.  Stanford lacks knowledge or information

1    sufficient to form a belief as to the truth of the remaining allegations in Paragraph 194, and

2    on that basis denies them.

3           195.    Answering Paragraph 195, Stanford lacks knowledge or information

4    sufficient to form a belief as to the truth of the allegations regarding Erica's considerations

5    and state of mind, and on that basis denies them.  Stanford denies that it gave Erica any

6    reason to think that her appeal would not be fairly considered.

7           196.    Answering Paragraph 196, Stanford, upon information and belief, admits the

8    allegations in Paragraph 196.

9           197.    Answering Paragraph 197, Stanford admits that Erica's family lives in

10   Korea, that Erica and her mother removed her belongings from the dormitory, and that she

11   returned to Korea with her mother.  Stanford lacks knowledge or information sufficient to

12   form a belief as to the truth of the remaining allegations, and on that basis denies them.

13          198.    Answering Paragraph 198, Stanford denies the allegations therein.

14          199.    Answering Paragraph 199, Stanford admits that Erica returned to campus in

15   Fall Quarter 2017.  Plaintiffs do not identify the dates of the alleged communications and

16   meeting.  Stanford admits that Erica was notified of the requirements and conditions of her

17   re-enrollment and return to campus housing prior to her return through various email

18   communications and at least one Skype meeting.  Stanford lacks knowledge or information

19   sufficient to form a belief as to the truth of the allegations regarding what Erica understood,

20   and on that basis denies them, but Stanford denies Plaintiffs' characterization and

21   paraphrasing of the statements that were allegedly made.  Emails containing statements

22   would be the best record of their contents.  Except as so admitted, denied.

23          200.    Answering Paragraph 200, Stanford lacks knowledge or information

24   sufficient to form a belief as to the truth of the allegations in Paragraph 200, and on that

25   basis denies them.

26          201.    Answering Paragraph 201, Stanford lacks knowledge or information

27   sufficient to form a belief as to the truth of the allegations in Paragraph 201, and on that

28   basis denies them.

1    202.    Answering Paragraph 202, Stanford lacks knowledge or information

2    sufficient to form a belief as to the truth of the allegations in Paragraph 202, and on that

3    basis denies them.

4    203.    Answering Paragraph 203, the allegations contained therein are argument

5    and conclusions of law to which no response is required.  To the extent there are any

6    factual allegations requiring a response, Stanford denies them.

7    204.    Answering Paragraph 204, Stanford admits that Alex is twenty-one years

8    old and is currently a Stanford student who has completed 11 quarters at Stanford and

9    resided in Stanford during the 2017-2018 academic year.  Answering the remainder of

10    Paragraph 204, the allegations contained therein are argument and conclusions of law to

11    which no response is required.  To the extent there are any factual allegations requiring a

12    response, Stanford lacks sufficient knowledge or information to form a belief as to the truth

13    of them, and on that basis denies them.

14    205.    Answering Paragraph 205, Stanford admits that Alex first enrolled at

15    Stanford in fall 2014.  Stanford lacks knowledge or information sufficient to form a belief

16    as to the truth of the allegations regarding Alex's contributions to student organizations and

17    research and assistant positions, and on that basis denies them.  Stanford avers that Alex's

18    transcript is the best record of his grade point average.  Except as so admitted, denied.

19    206.    Answering Paragraph 206, Stanford lacks knowledge or information

20    sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

21    207.    Answering Paragraph 207, Stanford lacks knowledge or information

22    sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

23    208.    Answering Paragraph 208, Stanford admits on information and belief that

24    Alex reached out to CAPS, her Academic Director, and her Office of Accessible Education

25    Advisor about petitioning to take a reduced course load.  Stanford lacks sufficient

26    knowledge or information to form a belief as to the truth of the remaining allegations, and

27    on that basis denies the remaining allegations.

28

1   209. Answering Paragraph 209, Stanford denies the allegations in the first

2 sentence and lacks sufficient knowledge or information to form a belief as to the truth of

3 the allegations in the second sentence, and on that basis denies them.

4   210. Answering Paragraph 210, Stanford admits that Alex took a voluntary leave

5 of absence beginning in April 2017.  Except as so admitted, denied.

6   211. Answering Paragraph 211, Stanford avers that Alex's transcript does not

7 show that she received any grades for Spring Quarter 2017.  Beyond that, Stanford lacks

8 knowledge or information sufficient to form a belief as to the truth of the allegations, and

9 on that basis denies them.

10   212. Answering Paragraph 212, Stanford denies the allegations.

11   213. Answering Paragraph 213, Stanford lacks sufficient knowledge or

12 information to form a belief as to the truth of the allegations regarding her observations,

13 and on that basis denies them.

14   214. Answering Paragraph 214, Stanford lacks sufficient knowledge or

15 information to form a belief as to the truth of the allegations regarding what Alex's friends

16 told her and her observations, and on that basis denies them.  Stanford denies Plaintiffs'

17 characterization of its actions.

18   215. Answering Paragraph 215, Stanford lacks sufficient knowledge or

19 information to form a belief as to the truth of the allegations regarding what Alex has told

20 others, and on that basis denies them.  Stanford denies Plaintiffs' suggestion that going to

21 CAPS results in exclusion from campus.

22   216. Answering Paragraph 216, Stanford lacks sufficient knowledge or

23 information to form a belief as to the truth of the allegations regarding what Alex's friends

24 told her or her observations, and on that basis denies them.  Stanford denies Plaintiffs'

25 suggestions of its likely actions.

26   217. Answering Paragraph 217, the allegations contained therein are argument to

27 which no response is required. To the extent there are any factual allegations requiring a

28 response, Stanford lacks sufficient knowledge or information to form a belief as to the truth

1     of the allegations regarding Alex's discussions with others and the referenced guide, and on

2     that basis denies them.  Stanford denies the characterization of CAPS and Residence

3     Deans.

4         218.     Answering Paragraph 218, the allegations contained therein are argument to

5     which no response is required.  To the extent there are any factual allegations requiring a

6     response, Stanford lacks sufficient knowledge or information to form a belief as to the truth

7     of the allegations regarding Alex's and her friends' experiences and feelings, and on that

8     basis denies them.  Stanford denies the characterization of CAPS.

9         219.     Answering Paragraph 219, the allegations contained therein are legal

10     conclusions to which no response is required.  To the extent there are any factual

11     allegations requiring a response, Stanford lacks knowledge or information sufficient to

12     form a belief as to their truth, and on that basis denies them.

13         220.     Answering Paragraph 220, Stanford admits that Grace is eighteen years old,

14     is currently enrolled as a Stanford student, and lives in Stanford, California during certain

15     academic quarters.  Stanford lacks knowledge or information sufficient to form a belief as

16     to the truth of the remaining allegations in Paragraph 220, and on that basis denies them.

17         221.     Answering Paragraph 221, Stanford lacks knowledge or information

18     sufficient to form a belief as to the truth of the allegations in Paragraph 221, and on that

19     basis denies them.

20         222.     Answering Paragraph 222, Stanford admits that Grace has not been placed

21     on a leave of absence. Stanford lacks knowledge or information sufficient to form a belief

22     as to the truth of the remaining allegations in Paragraph 222, and on that basis denies them.

23         223.     Answering Paragraph 223, Stanford admits that, in Summer 2016, when

24     Grace was 16 years old and about to start her senior year of high school, Grace participated

25     in Stanford's High School Summer College program, a residential and academic program

26     for selected high school students.

27         224.     Answering Paragraph 224, Stanford admits that during the program Grace

28     disclosed suicidal ideation and a history of self-harm to a Stanford administrator, and

1   thereafter, on information and belief, interacted with CAPS.  Stanford lacks knowledge or

2   information sufficient to form a belief as to the truth of the remaining allegations in

3   Paragraph 224, and on that basis denies them.

4         225.    Answering Paragraph 225, Stanford admits on information and belief that

5   Grace went to Stanford Hospital for a psychiatric evaluation and was released.  Stanford

6   lacks knowledge or information sufficient to form a belief as to the truth of the remaining

7   allegations in Paragraph 225, and on that basis denies them.

8         226.    Answering Paragraph 226, Stanford admits that, after discussions with

9   Grace, her doctor and her mother, a Stanford administrator sent Grace an email saying that

10  she was being returned to the care of her legal guardians, was no longer permitted to

11  remain in the residential portion of the program (including being in the dormitories and

12  dining halls), but could continue to attend classes as normal.  The email is the best record

13  of its contents, rather than the characterization of it by Plaintiffs.  Stanford lacks knowledge

14  or information sufficient to form a belief as to the truth of the remaining allegations in

15  Paragraph 226, and on that basis denies them.

16        227.    Answering Paragraph 227, Stanford admits on that Grace enrolled in

17  Stanford in Fall 2017 after gaining admission through Stanford's Restrictive Early Action

18  Program.  Stanford lacks knowledge or information sufficient to form a belief as to the

19  truth of the remaining allegations regarding Grace's decision-making, and on that basis

20  denies them.

21        228.    Answering Paragraph 228, Stanford lacks knowledge or information

22  sufficient to form a belief as to the truth of the allegations in Paragraph 228, and on that

23  basis denies them.

24        229.    Answering Paragraph 229, Stanford admits that Grace is a freshman and

25  that, at Stanford, freshmen generally must live on campus, but exceptions can be made for

26  health and other reasons.  Stanford lacks knowledge or information sufficient to form a

27  belief as to the truth of the remaining allegations regarding Grace's knowledge and fears,

28  and on that basis denies them.  Except as so admitted, denied.

1    230.    Answering Paragraph 230, Stanford is informed and believes that the Mental

2    Health & Wellness Coalition is a student-led membership organization at Stanford that

3    raises awareness and shares resources to improve mental health and wellness at Stanford.

4    Stanford lacks knowledge or information sufficient to form a belief as to the truth of the

5    remaining allegations in Paragraph 230, and on that basis denies them.

6    231.    Answering Paragraph 231, Stanford lacks knowledge or information

7    sufficient to form a belief as to the truth of the allegations in Paragraph 231, and on that

8    basis denies them.

9    232.    Answering Paragraph 232, Stanford avers that the Coalition's Mission

10   Statement referenced therein is the best record of the organization's vision, and Stanford

11   otherwise lacks sufficient information and knowledge to form a belief as to the truth of the

12   allegations about its vision, and on that basis denies them.

13   233.    Answering Paragraph 233, Plaintiffs have not defined "significant" and

14   Stanford lacks knowledge or information sufficient to form a belief as to the truth of the

15   allegations about its work in Paragraph 233, and on that basis denies them.

16   234.    Answering Paragraph 234, Stanford is informed and believes that "Wellness

17   Week" is a week of events for students to raise awareness of mental health and wellness,

18   and, depending on the year, includes events such as those described in Paragraph 234.

19   Stanford denies that Plaintiff Mental Health & Wellness Coalition "puts on" Wellness

20   Week since it understands that others sponsor the event, such as The Bridge Peer

21   Counseling Center this year.  Stanford lacks knowledge or information sufficient to form a

22   belief as to the truth of the remaining allegations in Paragraph 234, and on that basis denies

23   them.

24   235.    Answering Paragraph 235, the allegations contained therein are argument

25   and legal conclusions to which no response is required.  To the extent there are any factual

26   allegations requiring a response, Stanford denies them.

27

28

1     236.     Answering Paragraph 236, the allegations contained therein are argument

2   and legal conclusions to which no response is required.  To the extent there are any factual

3   allegations requiring a response, Stanford denies them.

4     237.     Answering Paragraph 237, the allegations contained therein are argument

5   and legal conclusions to which no response is required. To the extent there are any factual

6   allegations requiring a response, Stanford denies the allegation that its leave policies are

7   discriminatory or have damaged the Stanford community.  Stanford lacks knowledge or

8   information sufficient to form a belief as to the truth of the remaining allegations in

9   Paragraph 237, and on that basis denies them.

10     238.     Answering Paragraph 238, Stanford admits that the Coalition has developed

11   training materials (and their content is the best record of the topics addressed).  As to

12   training presentations, Stanford avers that the Coalition did not make presentations to staff

13   through the official staff training programs.  However, it is possible that the Coalition

14   presented training programs to staff in some of the residences.  Stanford lacks knowledge

15   or information sufficient to form a belief as to the truth of the remaining allegations in

16   Paragraph 238, and on that basis denies them.

17     239.     Answering Paragraph 239, Stanford denies the characterization of CAPS

18   and the Residence Deans.  Stanford lacks knowledge or information sufficient to form a

19   belief as to the truth of the remaining allegations in Paragraph 239, and on that basis denies

20   them.

21     240.     Answering Paragraph 240, Stanford lacks knowledge or information

22   sufficient to form a belief as to the truth of the allegations in Paragraph 240, and on that

23   basis denies them.

24     241.     Answering Paragraph 241, the allegations contained therein regarding

25   Stanford's leave policies are argument and legal conclusions to which no response is

26   required.  To the extent there are any factual allegations requiring a response, Stanford

27   denies the characterization of its policies and avers that it has been informed by

28   representatives of some of the groups within the Coalition that they did not authorize the

1   filing of this lawsuit or even know of it before it was filed.  As to the remaining allegations,

2   Stanford lacks knowledge or information sufficient to form a belief as to the truth of them,

3   and on that basis denies them.

4          242.    Answering Paragraph 242, the allegations contained therein regarding

5   Stanford's leave policies are argument and legal conclusions to which no response is

6   required. To the extent there are any factual allegations requiring a response, Stanford

7   denies the characterization of its policies and avers that it has been informed by

8   representatives of some of the groups within the Coalition that they did not authorize the

9   filing of this lawsuit or even know of it before it was filed.  As to the remaining allegations,

10  Stanford lacks knowledge or information sufficient to form a belief as to the truth of them,

11  and on that basis denies them.

12         243.    Answering Paragraph 243, the allegations contained therein regarding

13  Stanford's leave policies are argument and legal conclusions to which no response is

14  required. To the extent there are any factual allegations requiring a response, Stanford

15  denies the characterization of its policies and avers that it has been informed by

16  representatives of some of the groups within the Coalition that they did not authorize the

17  filing of this lawsuit or even know of it before it was filed.  As to the remaining allegations,

18  Stanford lacks knowledge or information sufficient to form a belief as to the truth of them,

19  and on that basis denies them.

20         244.    Answering Paragraph 244, the allegations contained therein are argument

21  and legal conclusions to which no response is required. To the extent there are any factual

22  allegations that require a response, Stanford denies them.

23         245.    Answering Paragraph 245, the allegations contained therein are statements

24  of intention, argument and legal conclusions to which no response is required.  To the

25  extent there are any factual allegations that require a response, Stanford is without

26  knowledge or information sufficient to form a belief as to the truth of them, and on that

27  basis denies them.

28

1      246.    Answering Paragraph 246, the allegations contained therein are argument

2  and legal conclusions to which no response is required.  To the extent there are any factual

3  allegations that require a response, Stanford is without knowledge or information sufficient

4  to form a belief as to the truth of them, and on that basis denies them.

5      247.    Answering Paragraph 247, the allegations contained therein are argument

6  and legal conclusions to which no response is required.  To the extent there are any factual

7  allegations that require a response, Stanford denies them.

8      248.    Answering Paragraph 248, Stanford admits that it had 7,032 enrolled

9  undergraduate students and 9,304 enrolled graduate students and terminal graduates in the

10  2016–17 academic year.  Stanford avers that the 2014 Stanford Daily Survey and the 2015

11  ASSU Mental Health Survey referenced in Paragraph 248 are the best records of their

12  contents.  Stanford is without knowledge or information sufficient to form a belief as to the

13  truth of the remaining allegations in Paragraph 248, and on that basis denies them.

14      249.    Answering Paragraph 249, the allegations contained therein are argument

15  and legal conclusions to which no response is required.  To the extent there are any factual

16  allegations that require a response, Stanford denies them.

17      250.    Answering Paragraph 250, the allegations contained therein are argument

18  and legal conclusions to which no response is required.  To the extent there are any factual

19  allegations that require a response, Stanford denies them.

20      251.    Answering Paragraph 251, the allegations contained therein are argument

21  and legal conclusions to which no response is required.  To the extent there are any factual

22  allegations that require a response, Stanford denies them.

23      252.    Answering Paragraph 252, the allegations contained therein are argument

24  and legal conclusions to which no response is required.  To the extent there are any factual

25  allegations that require a response, Stanford denies them.

26      253.    Answering Paragraph 253, Stanford is without knowledge or information

27  sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

28

1    254.    Answering Paragraph 254, the allegations contained therein are argument

2    and legal conclusions to which no response is required.  To the extent there are any factual

3    allegations that require a response, Stanford denies them.

4    255.    Answering Paragraph 255, Stanford incorporates by reference its responses

5    to the foregoing allegations as if set forth fully herein.

6    256.    Answering Paragraph 256, the allegations contained therein are legal

7    conclusions to which no response is required.  To the extent there are any factual

8    allegations that require a response, Stanford denies them.

9    257.    Answering Paragraph 257, Stanford admits that Plaintiffs were or are

10   enrolled Stanford students.  The remaining allegations in Paragraph 257 are legal

11   conclusions to which no response is required.  To the extent there are any factual

12   allegations that require a response, Stanford is without knowledge or information sufficient

13   to form a belief as to the truth of the mental health of Plaintiffs and proposed class

14   members, and on that basis denies them, and otherwise denies any remaining factual

15   allegations.

16   258.    Answering Paragraph 258, the allegations contained therein are legal

17   conclusions to which no response is required.  To the extent Paragraph 258 contains factual

18   allegations, Stanford admits that it is an undergraduate and postgraduate school, but denies

19   any remaining factual allegations.

20   259.    Answering Paragraph 259, the allegations contained therein are legal

21   conclusions to which no response is required.  To the extent there are any factual

22   allegations that require a response, Stanford denies them.

23   260.    Answering Paragraph 260, the allegations contained therein are legal

24   conclusions to which no response is required.  To the extent there are any factual

25   allegations that require a response, Stanford denies them.

26   261.    Answering Paragraph 261, the allegations contained therein are legal

27   conclusions to which no response is required.  To the extent there are any factual

28   allegations that require a response, Stanford denies them.

1       262.    Answering Paragraph 262, the allegations contained therein are legal

2   conclusions to which no response is required.  To the extent there are any factual

3   allegations that require a response, Stanford denies them.

4       263.    Answering Paragraph 263, the allegations contained therein are legal

5   conclusions to which no response is required.  To the extent there are any factual

6   allegations that require a response, Stanford denies them.

7       264.    Answering Paragraph 264, the allegations contained therein are argument

8   and legal conclusions to which no response is required.  To the extent there are any factual

9   allegations that require a response, Stanford denies them.

10       265.    Answering Paragraph 265, the allegations contained therein are argument

11   and legal conclusions to which no response is required.  To the extent there are any factual

12   allegations that require a response, Stanford denies them.

13       266.    Answering Paragraph 266, the allegations contained therein are argument

14   and legal conclusions to which no response is required.  To the extent there are any factual

15   allegations that require a response, Stanford denies them.

16       267.    Answering Paragraph 267, the allegations contained therein are argument

17   and legal conclusions to which no response is required.  To the extent there are any factual

18   allegations that require a response, Stanford denies them.

19       268.    Answering Paragraph 268, the allegations contained therein are argument

20   and legal conclusions to which no response is required.  To the extent there are any factual

21   allegations that require a response, Stanford denies them.

22       269.    Answering Paragraph 269, Stanford denies that Plaintiffs are entitled to any

23   relief.  Plaintiffs have not stated a claim that would support any of the relief requested in

24   the Complaint, and could not do so.  Plaintiffs should take nothing by reason of their

25   Complaint, and judgment should be entered in favor of Stanford.

26       270.    Answering Paragraph 270, Stanford incorporates by reference its responses

27   to the foregoing allegations as if set forth fully herein.

28

1    271.    Answering Paragraph 271, the allegations contained therein are legal

2    conclusions to which no response is required.  To the extent there are any factual

3    allegations that require a response, Stanford denies them.

4    272.    Answering Paragraph 272, the allegations contained therein are argument

5    and legal conclusions to which no response is required.  To the extent there are any factual

6    allegations that require a response, Stanford is without knowledge or information sufficient

7    to form a belief as to the truth of the mental health of Plaintiffs and proposed class

8    members, and on that basis denies them, and otherwise denies any remaining factual

9    allegations.

10   273.    Answering Paragraph 273, the allegations contained therein are legal

11   conclusions to which no response is required.  Stanford admits that it is a university and

12   receives federal financial assistance.  To the extent there are any other factual allegations

13   that require a response, Stanford denies them.

14   274.    Answering Paragraph 274, the allegations contained therein are legal

15   conclusions to which no response is required.  To the extent there are any factual

16   allegations that require a response, Stanford denies them.

17   275.    Answering Paragraph 275, the allegations contained therein are legal

18   conclusions to which no response is required.  To the extent there are any factual

19   allegations that require a response, Stanford denies them.

20   276.    Answering Paragraph 276, the allegations contained therein are legal

21   conclusions to which no response is required.  To the extent there are any factual

22   allegations that require a response, Stanford denies them.

23   277.    Answering Paragraph 277, the allegations contained therein are legal

24   conclusions to which no response is required.  To the extent there are any factual

25   allegations that require a response, Stanford denies them.

26   278.    Answering Paragraph 278, the allegations contained therein are legal

27   conclusions to which no response is required.  To the extent there are any factual

28   allegations that require a response, Stanford denies them.

STANFORD'S ANSWER TO
AMENDED COMPLAINT
Case No. 5:18-cv-02895-NC

1      279.    Answering Paragraph 279, the allegations contained therein are argument

2  and legal conclusions to which no response is required.  To the extent there are any factual

3  allegations that require a response, Stanford denies them.

4      280.    Answering Paragraph 280, the allegations contained therein are argument

5  and legal conclusions to which no response is required.  To the extent there are any factual

6  allegations that require a response, Stanford denies them.

7      281.    Answering Paragraph 281, the allegations contained therein are argument

8  and legal conclusions to which no response is required.  To the extent there are any factual

9  allegations that require a response, Stanford denies them.

10      282.    Answering Paragraph 282, the allegations contained therein are argument

11  and legal conclusions to which no response is required.  To the extent there are any factual

12  allegations that require a response, Stanford denies them.

13      283.    Answering Paragraph 283, the allegations contained therein are argument

14  and legal conclusions to which no response is required.  To the extent there are any factual

15  allegations that require a response, Stanford denies them.

16      284.    Answering Paragraph 284, Stanford denies that Plaintiffs are entitled to any

17  relief.  Plaintiffs have not stated a claim that would support any of the relief requested in

18  the Complaint, and could not do so.  Plaintiffs should take nothing by reason of their

19  Complaint, and judgment should be entered in favor of Stanford.

20      285.    Answering Paragraph 285, Stanford incorporates by reference its responses

21  to the foregoing allegations as if set forth fully herein.

22      286.    Answering Paragraph 286, the allegations contained therein are legal

23  conclusions to which no response is required.  To the extent there are any factual

24  allegations that require a response, Stanford denies them.

25      287.    Answering Paragraph 287, the allegations contained therein are legal

26  conclusions to which no response is required.  To the extent there are any factual

27  allegations that require a response, Stanford is without knowledge or information sufficient

28  to form a belief as to the truth of the mental health of Plaintiffs and proposed class

1   members, and on that basis denies them, and otherwise denies any remaining factual

2   allegations.

3          288.    Answering Paragraph 288, the allegations contained therein are legal

4   conclusions to which no response is required.  Stanford admits that it has residence halls.

5   To the extent there are any other factual allegations that require a response, Stanford denies

6   them.

7          289.    Answering Paragraph 289, the allegations contained therein are legal

8   conclusions to which no response is required.  To the extent there are any factual

9   allegations that require a response, Stanford denies them.

10         290.    Answering Paragraph 290, the allegations contained therein are legal

11  conclusions to which no response is required.  To the extent there are any factual

12  allegations that require a response, Stanford denies them.

13         291.    Answering Paragraph 291, the allegations contained therein are legal

14  conclusions to which no response is required.  To the extent there are any factual

15  allegations that require a response, Stanford denies them.

16         292.    Answering Paragraph 292, the allegations contained therein are legal

17  conclusions to which no response is required.  To the extent there are any factual

18  allegations that require a response, Stanford denies them.

19         293.    Answering Paragraph 293, the allegations contained therein are legal

20  conclusions to which no response is required.  To the extent there are any factual

21  allegations that require a response, Stanford denies them.

22         294.    Answering Paragraph 294, the allegations contained therein are argument

23  and legal conclusions to which no response is required.  To the extent there are any factual

24  allegations that require a response, Stanford denies them.

25         295.    Answering Paragraph 295, the allegations contained therein are argument

26  and legal conclusions to which no response is required.  To the extent there are any factual

27  allegations that require a response, Stanford denies them.

28

1       296.    Answering Paragraph 296, the allegations contained therein are argument

2  and legal conclusions to which no response is required.  To the extent there are any factual

3  allegations that require a response, Stanford denies them.

4       297.    Answering Paragraph 297, the allegations contained therein are argument

5  and legal conclusions to which no response is required.  To the extent there are any factual

6  allegations that require a response, Stanford denies them.

7       298.    Answering Paragraph 298, the allegations contained therein are argument

8  and legal conclusions to which no response is required.  To the extent there are any factual

9  allegations that require a response, Stanford denies them.

10      299.    Answering Paragraph 299, Stanford denies that Plaintiffs are entitled to any

11  relief.  Plaintiffs have not stated a claim that would support any of the relief requested in

12  the Complaint, and could not do so.  Plaintiffs should take nothing by reason of their

13  Complaint, and judgment should be entered in favor of Stanford.

14      300.    Answering Paragraph 300, Stanford incorporates by reference its responses

15  to the foregoing allegations as if set forth fully herein.

16      301.    Answering Paragraph 301, the allegations contained therein are legal

17  conclusions to which no response is required.  To the extent there are any factual

18  allegations that require a response, Stanford denies them.

19      302.    Answering Paragraph 302, the allegations contained therein are legal

20  conclusions to which no response is required.  To the extent there are any factual

21  allegations that require a response, Stanford is without knowledge or information sufficient

22  to form a belief as to the truth of the mental health of Plaintiffs and proposed class

23  members, and on that basis denies them, and otherwise denies any remaining factual

24  allegations.

25      303.    Answering Paragraph 303, Stanford admits that it is an institution of higher

26  education.  The remaining allegations contained in Paragraph 303 are legal conclusions to

27  which no response is required.  To the extent there are any factual allegations that require a

28  response, Stanford denies them.

1        304.    Answering Paragraph 304, the allegations contained therein are argument

2   and legal conclusions to which no response is required.  To the extent there are any factual

3   allegations that require a response, Stanford denies them.

4        305.    Answering Paragraph 305, the allegations contained therein are legal

5   conclusions to which no response is required.  To the extent there are any factual

6   allegations that require a response, Stanford denies them.

7        306.    Answering Paragraph 306, the allegations contained therein are argument

8   and legal conclusions to which no response is required.  To the extent there are any factual

9   allegations that require a response, Stanford denies them.

10       307.    Answering Paragraph 307, the allegations contained therein are argument

11  and legal conclusions to which no response is required.  To the extent there are any factual

12  allegations that require a response, Stanford denies them.

13       308.    Answering Paragraph 308, Stanford denies that Plaintiffs are entitled to any

14  relief.  Plaintiffs have not stated a claim that would support any of the relief requested in

15  the Complaint, and could not do so.  Plaintiffs should take nothing by reason of their

16  Complaint, and judgment should be entered in favor of Stanford.

17       309.    Answering Paragraph 309, Stanford incorporates by reference its responses

18  to the foregoing allegations as if set forth fully herein.

19       310.    Answering Paragraph 310, the allegations contained therein are legal

20  conclusions to which no response is required.  To the extent there are any factual

21  allegations that require a response, Stanford denies them.

22       311.    Answering Paragraph 311, the allegations contained therein are argument

23  and legal conclusions to which no response is required. To the extent there are any factual

24  allegations that require a response, Stanford is without knowledge or information sufficient

25  to form a belief as to the truth of the mental health of Plaintiffs and proposed class

26  members, and on that basis denies them, and otherwise denies any remaining factual

27  allegations.

28

312.     Answering Paragraph 312, the allegations contained therein are argument and legal conclusions to which no response is required.  Stanford admits that it is an educational institution and receives California financial assistance.  To the extent there are any other factual allegations that require a response, Stanford denies them.

313.     Answering Paragraph 313, the allegations contained therein are argument and legal conclusions to which no response is required. To the extent there are any factual allegations that require a response, Stanford denies them.

314.     Answering Paragraph 314, the allegations contained therein are argument and legal conclusions to which no response is required.  To the extent there are any factual allegations that require a response, Stanford denies them.

315.     Answering Paragraph 315, the allegations contained therein are argument and legal conclusions to which no response is required.  To the extent there are any factual allegations that require a response, Stanford denies them.

316.     Answering Paragraph 316, Stanford denies that Plaintiffs are entitled to any relief.  Plaintiffs have not stated a claim that would support any of the relief requested in the Complaint, and could not do so.  Plaintiffs should take nothing by reason of their Complaint, and judgment should be entered in favor of Stanford.

317.     Answering Paragraph 317, Stanford incorporates by reference its responses to the foregoing allegations as if set forth fully herein.

318.     Answering Paragraph 318, the allegations contained therein are legal conclusions to which no response is required. To the extent there are any factual allegations that require a response, Stanford denies them.

319.     Answering Paragraph 319, the allegations contained therein are argument and legal conclusions to which no response is required.  To the extent there are any factual allegations that require a response, Stanford is without knowledge or information sufficient to form a belief as to the truth of the mental health of Plaintiffs and proposed class members, and on that basis denies them, and otherwise denies any remaining factual allegations.

1      320.    Answering Paragraph 320, the allegations contained therein are legal

2    conclusions to which no response is required.  To the extent there are any factual

3    allegations that require a response, Stanford admits that it has residence halls on campus

4    and otherwise denies any factual allegations.

5      321.    Answering Paragraph 321, the allegations contained therein are legal

6    conclusions to which no response is required. To the extent there are any factual allegations

7    that require a response, Stanford denies them.

8      322.    Answering Paragraph 322, the allegations contained therein are legal

9    conclusions to which no response is required.  To the extent there are any factual

10    allegations that require a response, Stanford denies them.

11      323.    Answering Paragraph 323, the allegations contained therein are legal

12    conclusions to which no response is required.  To the extent there are any factual

13    allegations that require a response, Stanford denies them.

14      324.    Answering Paragraph 324, the allegations contained therein are legal

15    conclusions to which no response is required.  To the extent there are any factual

16    allegations that require a response, Stanford denies them.

17      325.    Answering Paragraph 325, the allegations contained therein are legal

18    conclusions to which no response is required.  To the extent there are any factual

19    allegations that require a response, Stanford denies them.

20      326.    Answering Paragraph 326, the allegations contained therein are argument

21    and legal conclusions to which no response is required.  To the extent there are any factual

22    allegations that require a response, Stanford denies them.

23      327.    Answering Paragraph 327, the allegations contained therein are argument

24    and legal conclusions to which no response is required.  To the extent there are any factual

25    allegations that require a response, Stanford denies them.

26      328.    Answering Paragraph 328, the allegations contained therein are argument

27    and legal conclusions to which no response is required.  To the extent there are any factual

28    allegations that require a response, Stanford denies them.

1      329.    Answering Paragraph 329, the allegations contained therein are argument

2  and legal conclusions to which no response is required.  To the extent there are any factual

3  allegations that require a response, Stanford denies them.

4      330.    Answering Paragraph 330, the allegations contained therein are argument

5  and legal conclusions to which no response is required.  To the extent there are any factual

6  allegations that require a response, Stanford denies them.

7      331.    Answering Paragraph 331, Stanford denies that Plaintiffs are entitled to any

8  relief.  Plaintiffs have not stated a claim that would support any of the relief requested in

9  the Complaint, and could not do so.  Plaintiffs should take nothing by reason of their

10  Complaint, and judgment should be entered in favor of Stanford.

11      332.    Answering Paragraph 332, Stanford incorporates by reference its responses

12  to the foregoing allegations as if set forth fully herein.

13      333.    Answering Paragraph 333, the allegations contained therein are argument

14  and legal conclusions to which no response is required.  To the extent there are any factual

15  allegations that require a response, Stanford admits that it is not violating the referenced

16  laws and otherwise denies the factual allegations.

17      334.    Answering Paragraph 334, the allegations contained therein are argument

18  and legal conclusions to which no response is required.  To the extent there are any factual

19  allegations that require a response, Stanford admits that it is not violating the laws

20  referenced in Paragraph 333 and otherwise denies the factual allegations.

21      335.    Answering Paragraph 335, Stanford denies that Plaintiffs are entitled to any

22  relief.  Plaintiffs have not stated a claim that would support any of the relief requested in

23  the Complaint, and could not do so.  Plaintiffs should take nothing by reason of their

24  Complaint, and judgment should be entered in favor of Stanford.

25      336.    Answering Paragraph 336, Stanford denies that Plaintiffs are entitled to any

26  relief.  Plaintiffs have not stated a claim that would support any of the relief requested in

27  the Complaint, and could not do so.  Plaintiffs should take nothing by reason of their

28  Complaint, and judgment should be entered in favor of Stanford.

1        337.    Answering Paragraph 337, Stanford denies that Plaintiffs are entitled to any

2    relief.  Plaintiffs have not stated a claim that would support any of the relief requested in

3    the Complaint, and could not do so.  Plaintiffs should take nothing by reason of their

4    Complaint, and judgment should be entered in favor of Stanford.

5        338.    Answering Paragraph 338, Stanford denies that Plaintiffs are entitled to any

6    relief.  Plaintiffs have not stated a claim that would support any of the relief requested in

7    the Complaint, and could not do so.  Plaintiffs should take nothing by reason of their

8    Complaint, and judgment should be entered in favor of Stanford.

9        339.    Answering Paragraph 339, Stanford denies that Plaintiffs are entitled to any

10   relief.  Plaintiffs have not stated a claim that would support any of the relief requested in

11   the Complaint, and could not do so.  Plaintiffs should take nothing by reason of their

12   Complaint, and judgment should be entered in favor of Stanford.

13       340.    Answering Paragraph 340, Stanford denies that Plaintiffs are entitled to any

14   relief.  Plaintiffs have not stated a claim that would support any of the relief requested in

15   the Complaint, and could not do so.  Plaintiffs should take nothing by reason of their

16   Complaint, and judgment should be entered in favor of Stanford.

17       341.    Answering Paragraph 341, Stanford denies that Plaintiffs are entitled to any

18   relief.  Plaintiffs have not stated a claim that would support any of the relief requested in

19   the Complaint, and could not do so.  Plaintiffs should take nothing by reason of their

20   Complaint, and judgment should be entered in favor of Stanford.

21       342.    Answering Paragraph 342, Stanford denies that Plaintiffs are entitled to any

22   relief.  Plaintiffs have not stated a claim that would support any of the relief requested in

23   the Complaint, and could not do so.  Plaintiffs should take nothing by reason of their

24   Complaint, and judgment should be entered in favor of Stanford.

25

26

27

28

1                                   <u>AFFIRMATIVE DEFENSES</u>

2           Without assuming any burden that the law does not impose, Stanford asserts the

3 following affirmative and/or additional defenses to the causes of action alleged in the

4 Complaint.

5                       <u>FIRST AFFIRMATIVE DEFENSE</u>

6                            (Failure to State a Claim)

7           Plaintiffs' Complaint and each purported cause of action asserted against Defendant

8 therein fails to set forth facts sufficient to state a claim upon which relief can be granted.

9                     <u>SECOND AFFIRMATIVE DEFENSE</u>

10                       (Statute of Limitations)

11           Plaintiffs' claims for relief are barred or limited by the applicable statutes of

12 limitations.

13                    <u>THIRD AFFIRMATIVE DEFENSE</u>

14               (Standing - Injuries Not Actual or Imminent)

15           Plaintiffs lack standing to bring the causes of action asserted in the Complaint

16 because their alleged injuries are not redressable through this action.

17                   <u>FOURTH AFFIRMATIVE DEFENSE</u>

18                  (Standing – "Aggrieved Persons")

19           Plaintiffs lack standing to bring the causes of action asserted in the Complaint

20 because they are not "aggrieved persons."

21                    <u>FIFTH AFFIRMATIVE DEFENSE</u>

22                       (Standing - Coalition)

23           Mental Health & Wellness Coalition lacks standing because it cannot seek relief on

24 behalf of members who have not agreed to bring suit against Stanford, and it cannot

25 abandon a portion of its membership to sue only on behalf of members who have agreed to

26 bring suit.  This fact creates the necessity of individual participation by the Coalition's

27 members.

28

<div align="center">

SIXTH AFFIRMATIVE DEFENSE

(Standing - Coalition)

</div>

Mental Health & Wellness Coalition lacks standing to pursue the broad relief it

seeks on behalf of its members given that it can only secure relief on behalf of those

members who have agreed to bring suit against Stanford.  Because there are so few

individual Coalition members allegedly harmed by the practices alleged who have agreed to

bring suit, those individuals are better suited to pursue the recovery sought on their own

behalf.

<div align="center">

SEVENTH AFFIRMATIVE DEFENSE

(Risk of Harm)

</div>

Modifying Stanford's policies, practices and/or procedures in the manner sought in

the Complaint would put Stanford's students at greater risk of harm to themselves and

others.

<div align="center">

EIGHTH AFFIRMATIVE DEFENSE

(Undue Hardship)

</div>

Modifying Stanford's policies, practices and/or procedures in the manner identified

in the Complaint would cause Stanford undue burden and interference in its efforts to

support students and keep them safe.

<div align="center">

NINTH AFFIRMATIVE DEFENSE

(Irreparable Harm)

</div>

Injunctive relief is inappropriate because Plaintiffs have not suffered, and will not

suffer, irreparable harm as a result of any of the alleged conduct and/or omissions of

Stanford, and Plaintiffs have an adequate remedy at law.

<div align="center">

TENTH AFFIRMATIVE DEFENSE

(Unfavorable Impact on the Public)

</div>

Injunctive relief is inappropriate because modification of Stanford's policies,

practices and/or procedures in the manner sought in the Complaint would have an

1    unfavorable impact on the interests of the public by putting the well-being of Stanford

2    students and the public at greater risk of harm.

3    <u>ELEVENTH AFFIRMATIVE DEFENSE</u>

4    (No Showing of Continuing Harm)

5    Plaintiffs' claims for injunctive relief are barred, in whole or in part, insofar as

6    Plaintiffs seek to enjoin alleged events that have already transpired without the requisite

7    showing of threatened future harm or continuing harm.

8    <u>TWELFTH AFFIRMATIVE DEFENSE</u>

9    (Failure of Commonality)

10    Plaintiffs' claims are improperly joined within the meaning of Rule 20 of the

11    Federal Rules of Civil Procedure because they did not arise out of the same transaction,

12    occurrence or series of transactions or occurrences and/or do not involve questions of law

13    or fact common to all plaintiffs.

14    <u>THIRTEENTH AFFIRMATIVE DEFENSE</u>

15    (Actions Permitted by Law)

16    Plaintiffs' claims are barred, in whole or in part, to the extent they are based on

17    alleged acts, conduct or statements that are specifically permitted by law.

18    <u>FOURTEENTH AFFIRMATIVE DEFENSE</u>

19    (Failure of Class Claims)

20    The claims of the absent class members cannot be adjudicated in a class action

21    consistent with Fed. R. Civ. P. 23 or due process.

22    <u>FIFTEENTH AFFIRMATIVE DEFENSE</u>

23    (Unclean Hands)

24    Plaintiffs' claims are barred in whole or in part by the doctrine of unclean hands.

25    <u>SIXTEENTH AFFIRMATIVE DEFENSE</u>

26    (Acquiescence)

27    Plaintiffs' complaints that they suffered harm arising from Stanford's leave policies

28    and practices cannot be established because Plaintiffs agreed to take leaves of absence.

1   Therefore, any harm Plaintiffs allegedly experienced because of those leaves resulted from

2   their own decisions and actions.

3                    SEVENTEENTH AFFIRMATIVE DEFENSE

4                     (Legitimate, Education-Related Decision)

5        Each of Plaintiffs' purported claims fails to state facts sufficient to constitute a

6   cause of action because any action taken by Stanford was for legitimate, education-related

7   reasons, was reasonable based on the facts as Stanford understood them, and was made for

8   non-discriminatory reasons.

9                    EIGHTEENTH AFFIRMATIVE DEFENSE

10                         (Waiver)

11       Plaintiffs waived any claim they may have had when they agreed to abide by

12   Stanford's policies as a condition of enrollment and, more specifically, when they agreed to

13   take leaves and participate in plans to return.

14                   NINETEENTH AFFIRMATIVE DEFENSE

15                       (Estoppel)

16       Each of Plaintiffs' claims is barred by the doctrine of estoppel because Stanford

17   relied on Plaintiffs' agreements to abide by their leave and return plans.

18                   TWENTIETH AFFIRMATIVE DEFENSE

19                       (Laches)

20       Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches.

21                TWENTY-FIRST AFFIRMATIVE DEFENSE

22                    (Actions of Plaintiffs)

23       The complaint is barred because any loss, injury, damage or detriment as alleged in

24   the complaint was caused and contributed to by the actions of Plaintiffs.

25             TWENTY-SECOND AFFIRMATIVE DEFENSE

26               (Effective Separate Benefit)

27       To the extent a Plaintiff with a disability has been provided with a good, service,

28   facility, privilege, advantage, or accommodation that is different or separate from that

1  provided to other individuals, it was necessary and that Plaintiff was provided with an

2  appropriate and reasonable good, service, facility, privilege, advantage, accommodation or

3  other opportunity.

4                    TWENTY-THIRD AFFIRMATIVE DEFENSE

5                         (Necessary Eligibility Criteria)

6          To the extent that eligibility criteria screened out or tended to screen out a Plaintiff

7  with a disability from fully and equally enjoying any goods, services, facilities, privileges,

8  advantages, or accommodations, such criteria were necessary for the provision of the

9  goods, services, facilities, privileges, advantages, and/or accommodations being offered by

10  Stanford.

11                    TWENTY-FOURTH AFFIRMATIVE DEFENSE

12                          (Fundamental Alteration)

13          To the extent modifications in policies, practices, or procedures were not made

14  when such modifications were necessary to afford such goods, services, facilities,

15  privileges, advantages, and/or accommodations to Plaintiffs with disabilities, such

16  modifications were not made because doing so would fundamentally alter the nature of

17  such goods, services, facilities, privileges, advantages, and/or accommodations.

18                    TWENTY-FIFTH AFFIRMATIVE DEFENSE

19                              (Direct Threat)

20          To the extent that a Plaintiff was not permitted to participate in or benefit from the

21  goods, services, facilities, privileges, advantages and/or accommodations offered by

22  Stanford, such Plaintiff was not so permitted because such Plaintiff posed a significant risk

23  to the health or safety of members of the Stanford community (including such Plaintiff) that

24  could not be eliminated by a modification of policies, practices, or procedures or by the

25  provision of auxiliary aids or services.

26

27

28

1

## OTHER AFFIRMATIVE DEFENSES

2    Stanford may have other affirmative defenses against the purported class members,

3  and reserves the right to assert such defenses in a timely fashion as discovery proceeds and

4  after the facts to support such defenses become known to Stanford.

5    ## PRAYER FOR RELIEF

6    WHEREFORE, Stanford prays that this Court deny all of Plaintiffs' requests for

7  relief, dismiss the Complaint with prejudice, and grant Stanford such other relief as the

8  Court deems appropriate.

9  Dated:  August 15, 2018

10                                    PILLSBURY WINTHROP SHAW PITTMAN LLP
                                      SARAH G. FLANAGAN
11                                    JACOB R. SORENSEN
                                      ERICA TURCIOS YADER
12                                    Four Embarcadero Center, 22nd Floor
                                      San Francisco, California 94111

13

14                                    By: _____ */s/ Sarah G. Flanagan* _____
                                                   Sarah G. Flanagan

15
                                      Attorneys for Defendant THE BOARD OF
16                                    TRUSTEES OF THE LELAND STANFORD
                                      JUNIOR UNIVERSITY D/B/A STANFORD
17                                    UNIVERSITY

18

19

20

21

22

23

24

25

26

27

28