DISABILITY RIGHTS ADVOCATES
STUART SEABORN (CA Bar No. 198590)
sseaborn@dralegal.org
MONICA PORTER (CA Bar No. 311974)
mporter@dralegal.org
2001 Center Street, 4th Floor
Berkeley, CA 94704
Telephone: (510) 665-8644
Facsimile: (510) 665-8511

MAIA GOODELL (Admitted *Pro Hac Vice*)
mgoodell@dralegal.org
655 Third Avenue, 14th Floor
New York, NY 10017
Telephone: (212) 644-8644

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MENTAL HEALTH & WELLNESS COALITION, ERIK X., TINA Y. JACOB Z., HARRISON FOWLER, ROSE A., SOFIA B., <br><br>Plaintiffs, <br><br>v. <br><br>THE BOARD OF TRUSTEES OF THE LELAND STANFORD JUNIOR UNIVERSITY D/B/A STANFORD UNIVERSITY, <br><br>Defendant. | Case No. **5:18-cv-02895-NC** <br><br>**JOINT STATEMENT REGARDING SETTLEMENT AND THE FAIRNESS OF THE PROPOSED DISMISSAL** |

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

## I. INTRODUCTION

In response to the Court's October 9, 2019 Order deferring ruling on the Parties' joint stipulation for dismissal, Plaintiffs Mental Health & Wellness Coalition, Erik X., Tina Y., Jacob Z., Harrison Fowler, Rose A., and Sofia B. ("Plaintiffs") and Defendant The Board of Trustees of the Leland Stanford Junior University ("Stanford"), by their undersigned counsel, hereby submit this Joint Statement Regarding Settlement and the Fairness of the Proposed Dismissal. The Parties respectfully request that, pursuant to the settlement agreement, attached herein as Ex. 1 to Declaration of Stuart Seaborn ("Seaborn Decl."), the Court dismiss[1] this case with prejudice as to Plaintiffs and without prejudice as to the unnamed class members.

This is a case that sought no monetary damages on behalf of the named Plaintiffs or putative class members. Seaborn Decl. ¶¶ 3–4. Rather, it sought prospective injunctive and declaratory relief focused on systemic improvements to policies and practices impacting students with mental health disabilities at Stanford University. *Id.* The settlement agreement, achieved after three in-person mediation sessions and multiple telephonic sessions with JAMS mediator Cathy Yanni, achieves Plaintiffs' goals in bringing the lawsuit. Seaborn Decl. ¶¶ 5–7, 9. Notably, the new leave of absence policies contained in the settlement will help ensure that students experiencing mental health crises have access to appropriate accommodations and services and are not unnecessarily excluded from campus and housing. *See* Seaborn Decl. Ex. 1.

Because no unnamed class members will release any claims they may have as a result of the proposed dismissal, such persons will receive the benefits of the agreed-upon policy changes without giving up any rights whatsoever. *See* Seaborn Decl. ¶ 11, Ex. 1 at 8. Further, while the case did receive some coverage in the media, the coverage made it clear that the case was not seeking individual damages or monetary relief, so it is unlikely that any unnamed, putative class members would have relied on the case for resolution of damages claims based on their

[1] The Parties seek to dismiss the case with prejudice with the caveat that the court maintain jurisdiction over the Parties for a period of two years for purposes of enforcing the terms of the settlement agreement. *See* Seaborn Decl., Ex. 1 at 6.

individual experiences.  *See* Seaborn Decl. ¶¶ 14–16.  Finally, named Plaintiffs made no concessions of class interests in order to further their own interests.  *See* Seaborn Decl. ¶¶ 10, 13.

Thus, the settlement agreement and proposed dismissal more than satisfy the "lighter form" of pre-certification settlement review contemplated by courts in this circuit, and this Court should therefore approve the proposed stipulation for dismissal.

## II.   PROCEDURAL HISTORY

Plaintiffs filed an initial Complaint seeking declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, Section 504 of the Rehabilitation Act, the Fair Housing Act, and related state claims in the Northern District of California on May 17, 2018.  Seaborn Decl. ¶ 3.  Plaintiffs filed an Amended Complaint seeking the same declaratory and injunctive relief, as well as a Class Certification Motion, on July 16, 2018.  Seaborn Decl. ¶ 4.  Neither complaint sought monetary damages.  Seaborn Decl. ¶¶ 3–4.  Thereafter, the Parties attended three in-person mediation sessions facilitated by JAMS mediator Cathy Yanni on September 17, 2018, November 16, 2018, and September 16, 2019.  Seaborn Decl. ¶ 5.  Throughout the year, the Parties engaged in significant back-and-forth in arms-length negotiations; including numerous telephonic sessions with and without Ms. Yanni, consultation with experts, and written drafts.  Seaborn Decl. ¶ 6.  At the mediation session on September 16, 2019, the Parties reached a settlement of all issues in this case and subsequently circulated the written settlement agreement for party signatures.  Seaborn Decl. ¶ 7.  The settlement agreement took effect on October 3, 2019.  Seaborn Decl. ¶ 8, Ex. 1.[2]

## III.   ARGUMENT

Under Federal Rule of Civil Procedure 23(e), "[t]he claims, issues, or defenses of a certified class…may be settled, voluntarily dismissed, or compromised only with the court's approval."  Although Rule 23(e) expressly refers to certified classes, the Ninth Circuit has held

---

[2] The version of the settlement agreement attached herein is the version which is publicly available on Disability Rights Advocates' website and omits individually-identifying information in a footnote, and a Confidential Appendix with individual Plaintiffs' signatures.

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

*Mental Health & Wellness Coalition et al., v. The Board of Trustees of the Leland Stanford Junior University*,
Case No. 5:18-cv-02895-NC
**Joint Statement Regarding Settlement and the Fairness of the Proposed Dismissal**     2

that the rule applies to pre-certification dismissals in a "lighter form." *See Richards v. Safeway, Inc.*, No. 13-cv-04317, 2015 WL 163393, at *2 (N.D. Cal. Jan. 12, 2015) (citing *Diaz v. Trust Territory of Pac. Islands*, 876 F.2d 1401, 1408 (9th Cir. 1989)).  "The central purpose of this inquiry is to determine whether the proposed settlement and dismissal are tainted by collusion or will prejudice absent class members." *Richards*, 2015 WL 163393, at *2 (internal quotation marks and citations omitted).  To determine whether pre-certification settlement or dismissal is appropriate, the Court shall assess potential prejudice to absent putative class members from:

> (1) 'possible reliance on the filing of the action if they are likely to know of it either because of publicity or other circumstances'; (2) 'lack of adequate time for class members to file other actions, because of a rapidly approaching statute of limitations'; and (3) 'any settlement or concession of class interests made by the class representative or counsel in order to further their own interests.'

*See Richards*, 2015 WL 163393, at *2 (quoting *Diaz*, 876 F.2d at 1408).

Courts in this Circuit have repeatedly held that the rights of putative class members are not compromised where their claims are dismissed without prejudice. *See Luo v. Zynga Inc.*, No. 13-CV-00186 NC, 2014 WL 457742, at *4 (N.D. Cal. Jan. 31, 2014); *Lyons v. Bank of Am., NA*, No. C 11-1232 CW, 2012 WL 5940846, at *2 (N.D. Cal. Nov. 27, 2012); *Lewis v. Vision Value, LLC*, No. 1:11-CV-01055-LJO, 2012 WL 2930867, at *4 (E.D. Cal. July 18, 2012).

Here, the proposed settlement in no way prejudices absent putative class members.  Nor is there any indication of taint or collusion.  On the contrary, in addition to fully satisfying the *Diaz* factors as described below, the settlement provides substantial benefits for unnamed, putative class members, including: updated policies and practices to assist students with mental health disabilities going forward, staff training regarding implementation of those policies and practices, commitments to ensure the Office of Accessible Education (which is tasked with providing disability-based reasonable accommodations to students with mental health disabilities where appropriate) maintains sufficient staffing and capacity to assist students with mental health disabilities, reporting by Stanford and review by Plaintiffs' counsel of specified information

*Mental Health & Wellness Coalition et al., v. The Board of Trustees of the Leland Stanford Junior University*,
Case No. 5:18-cv-02895-NC
**Joint Statement Regarding Settlement and the Fairness of the Proposed Dismissal**            3

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

regarding the implementation of the updated policies, dispute resolution mechanisms, and continuing jurisdiction of the Court for two years after October 3, 2019 for enforcement purposes, among other benefits. Seaborn Decl. ¶ 9, Ex. 1. Unnamed putative class members receive these benefits without release or dismissal with prejudice of any claims they may have. *See* Seaborn Decl. ¶¶ 9, 11, Ex. 1 at 8.

### A. Prejudice to Unnamed Class Members Who May Have Relied on This Action for Purposes of Enforcing Their Individual Claims is Unlikely

There is little danger that unnamed, putative class members have been prejudiced by relying on the expectation of the maintenance of the action for protection of their own interests. In addition to the fact that the settlement agreement neither waives nor releases any claims of unnamed putative class members, to the extent such persons may have individual claims for damages based on their experiences, the press surrounding this case has consistently reported that Plaintiffs have sought only injunctive relief and did not seek damages. *See* Seaborn Decl. ¶¶ 11, 14–16, Ex. 1 at 8. For example, Stanford student publication coverage of the lawsuit consistently reported to Stanford students—including putative class members—that the lawsuit sought to modify Stanford's policies and practices related to leaves of absence and specifically did not seek monetary damages. Seaborn Decl. ¶ 16, Ex. 2 (Stanford Daily May 18, 2018 article), Ex. 3 (Stanford Daily July 18, 2018 article), Ex. 4 (Stanford Daily August 28, 2018 article), Ex. 5 (Stanford Daily January 9, 2019 article). Additionally, Plaintiffs' press releases consistently indicated that Plaintiffs sought only injunctive relief and did not seek damages. Seaborn Decl. ¶ 15, Ex. 6 (Plaintiffs' May 17, 2018 Press Release), Ex. 7 (Plaintiffs' July 16, 2018 Press Release).

Moreover, to the extent putative class members contacted Plaintiffs' counsel regarding individualized claims during the pendency of the case, Plaintiffs' counsel made clear the scope of this case and advised putative class members that this case did not seek monetary damages. Seaborn Decl. ¶ 17.

*Mental Health & Wellness Coalition et al., v. The Board of Trustees of the Leland Stanford Junior University*,
Case No. 5:18-cv-02895-NC
**Joint Statement Regarding Settlement and the Fairness of the Proposed Dismissal**   4

### B. The Proposed Dismissal in No Way Limits or Prejudices Unnamed Class Members Seeking to File Their Own Claims

Even if some putative class members had learned of this lawsuit, they would not be prejudiced by the proposed dismissal. As noted above, courts in this Circuit have repeatedly held that rights of putative class members are not compromised when a case is dismissed with prejudice only as to named Plaintiffs and without prejudice to unnamed class members. *See Richards*, 2015 WL 163393, at *1 (finding that the putative class members' rights were not adversely affected by a dismissal without prejudice); *Luo*, 2014 WL 457742, at *3 (same); *Lyons*, 2012 WL 5940846, at *2 (same). *See also* Seaborn Decl. ¶ 11 (noting that the release in the settlement agreement, which is public, applies only to named Plaintiffs and does not apply to or prejudice unnamed class members), Ex. 1 at 8.

Further, potential claims of putative class members would not be time-barred because "'the commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action.'" *See Luo*, 2014 WL 457742, at *4 (quoting *Am. Pine & Constr. Co. v. Utah*, 414 U.S. 538, 554 (1974). *See also Lyons*, 2012 WL 5940846, at *2.

The class claims are being dismissed without prejudice, and the statutes of limitations applicable to the claims pleaded in the Complaint and then the Amended Complaint have been tolled during the pendency of this action. This means that putative class members will be in the same position upon dismissal of the class claims as they were with respect to those claims when the suit was originally filed. *See Lewis*, 2012 WL 2930867, at *4 (*citing Hardman v. Tri-Financial, LLC*, 2010 U.S. Dist. LEXIS 9996 (S.D. Cal. 2010)). The putative class will have the same benefits from this settlement that the Plaintiffs have, without having given the dismissal with prejudice of those claims and the release that the Plaintiffs gave.

### C. Named Plaintiffs Have Not Made Any Concessions of Class Interests to Further Their Own Interests

As discussed above, this case involves only claims for injunctive and declaratory relief.

*Mental Health & Wellness Coalition et al., v. The Board of Trustees of the Leland Stanford Junior University*,
Case No. 5:18-cv-02895-NC
**Joint Statement Regarding Settlement and the Fairness of the Proposed Dismissal**   5

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

The settlement agreement, which achieves Plaintiffs' goals in bringing the lawsuit, is the result of extensive, arms-length negotiations with the assistance of a skilled mediator and consultation with experts in the field of higher education and mental health. *See* Seaborn Decl. ¶¶ 5–7, 9. The agreement provides for no damages or incentive payments to named Plaintiffs, nor does it release any claims of the putative class members, including possible claims they may have for damages. *See* Seaborn Decl. ¶¶ 10–11. Thus, the settlement effectively provides a class-wide benefit without any prejudice whatsoever to putative class members. While the agreement does include payment of reasonable attorneys' fees and costs to Plaintiffs' counsel for work and resources expended in connection with the case, those fees are the result of extensive arms-length negotiations with the assistance of a skilled mediator. *See* Seaborn Decl. ¶¶ 5–7, 12. *See also Lewis*, 2012 WL 2930867, at *3 (the involvement of an experienced mediator weighs in favor of finding that a proposed settlement was not tainted by collusion). Further, in order to preserve the interest of named Plaintiffs and the putative class, the Parties did not negotiate payment of attorneys' fees and costs until after agreement on core terms of injunctive relief. Seaborn Decl. ¶ 13.

Thus, there is no evidence of collusion, and the settlement is fundamentally fair to unnamed, putative class members—who will benefit from its terms but face no prejudice from the proposed dismissal of the lawsuit.

## IV.   CONCLUSION

For these reasons, the Parties respectfully request that the Court dismiss this case with prejudice as to Plaintiffs and without prejudice as to the unnamed class members, pursuant to the settlement agreement.

*Mental Health & Wellness Coalition et al., v. The Board of Trustees of the Leland Stanford Junior University*,
Case No. 5:18-cv-02895-NC
**Joint Statement Regarding Settlement and the Fairness of the Proposed Dismissal**                    6

Dated: October 18, 2019

          DISABILITY RIGHTS ADVOCATES
          STUART SEABORN
          MONICA PORTER
          2001 Center Street, Fourth Floor
          Berkeley, California 94704
          MAIA GOODELL
          655 Third Avenue, 14th Floor
          New York, New York 10017


          By: _____*/s/ Stuart Seaborn*_____
             Stuart Seaborn

          Attorneys for Plaintiffs Mental Health & Wellness Coalition, Erik X., Tina Y., Jacob Z., Harrison Fowler, Rose A., and Sofia B.


          PILLSBURY WINTHROP SHAW PITTMAN LLP
          SARAH G. FLANAGAN
          JACOB R. SORENSEN
          REBECCA A. FRIEDEMANN
          Four Embarcadero Center, 22nd Floor
          San Francisco, CA 94111


          By: _____*/s/ Sarah G. Flanagan*_____
             Sarah G. Flanagan

          Attorneys for Defendant The Board of Trustees of the Leland Stanford Junior University


### ATTESTATION STATEMENT

  Pursuant to Civil L.R. 5-1(i)(3), I attest that the other signatory listed, and on whose behalf the filing is submitted, concurs in the filing's content and has authorized the filing.

Dated: October 18, 2019

          _____*/s/ Stuart Seaborn*_____
          Stuart Seaborn

*Mental Health & Wellness Coalition et al., v. The Board of Trustees of the Leland Stanford Junior University*,
**Case No. 5:18-cv-02895-NC**
**Joint Statement Regarding Settlement and the Fairness of the Proposed Dismissal**  7

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644