UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MENTAL HEALTH & WELLNESS COALITION, et al.,

Plaintiffs,

v.

THE BOARD OF TRUSTEES OF THE LELAND STANFORD JUNIOR UNIVERSITY,

Defendant.

Case No. 18-cv-02895-NC

**ORDER DISMISSING ACTION**

Re: Dkt. No. 70

The parties filed a joint stipulation indicating that they have resolved all outstanding issues in this case and have executed a formal written agreement memorializing a settlement. Dkt. No. 70. The court ordered additional briefing on the issue of possible prejudice to the absent putative class members. Dkt. No. 71. Specifically, the Court asked the parties to provide further information on: (1) "possible reliance on the filing of the action if they are likely to know of it either because of publicity or other circumstances"; (2) "lack of adequate time for class members to file other actions, because of a rapidly approaching statute of limitations"; and (3) "any settlement or concession of class interests made by the class representative or counsel in order to further their own interests." *Diaz v. Trust Territory of Pac. Islands*, 876 F.3d 1401, 1408 (9th Cir. 1989).

The parties filed this supplemental briefing. Dkt. Nos. 72, 73. The Court is satisfied from this additional information that the settlement here avoids potential

prejudice to absent putative class members. The parties have filed publicly the full settlement agreement which the Court has reviewed (it is also available to the public on Disability Rights Advocates' website). Dkt. No. 73, Ex. 1.[1] The parties additionally disclosed the amount paid in attorneys' fees to plaintiffs' counsel, and the Court finds this amount reasonable for the services rendered. *Id.* at 7–8. The Court notes that the settlement was facilitated by JAMS Mediator Cathy Yanni and that Ms. Yanni assisted the parties through multiple in-person sessions as well as joint and separate phone calls. Dkt. No. 70 at 1. The assistance of a mediator suggests that the settlement was not the product of collusion. *Lewis v. Vision Value, LLC*, Case No. 11-cv-01055-LJO, 2012 WL 2930867, at *4 (E.D. Cal. July 18, 2012). Finally, the Court is satisfied that the publicity related to this case was limited and accurately communicated to its audience the terms of the settlement so as to minimize possible prejudice to absent putative class members. Dkt. No. 73, Ex. 3–7.

The Court APPROVES the settlement under the "lighter form" of Federal Rule of Civil Procedure 23(e) approval warranted by class claims prior to certification in this Circuit. *Richards v. Safeway, Inc.* 2015 WL 163393, Case No. 13-cv-4317-JD at *2 (N.D. Cal. Jan. 12, 2015). The settlement agreement resolves all individual claims asserted by the seven named Plaintiffs and resolves all issues relating to the payment of attorneys' fees and costs. The settlement agreement does not purport to release the claims of the unnamed members of the putative class, and accordingly it does not contemplate certification of a settlement class.

The action is hereby DISMISSED. This dismissal is with prejudice solely with respect to the named plaintiffs: Mental Health & Wellness Coalition, Erik X., Tina Y., Jacob Z., Harrison Fowler, Rose A., and Sofia B. With respect to all unnamed members of the putative class, dismissal is without prejudice. The Court shall maintain jurisdiction

---

[1] One footnote of the settlement agreement was redacted to protect sensitive personal information. The Court ordered the parties to file an administrative motion to seal this material according to Civil Local Rule 79-5 (Dkt. No. 74), and the parties did so (Dkt. No. 75). The Court granted the motion to seal for good cause shown.

over the parties for purposes of enforcing the terms of the parties' settlement agreement for two years. The Clerk of Court is hereby ordered to terminate Case No. 18-cv-02895.

**IT IS SO ORDERED.**

Dated: October 29, 2019

_____
NATHANAEL M. COUSINS
United States Magistrate Judge